# Hatchett *v.* Curbow *et al.* Ex'rs.

## Action of Assumpsit.

1. *A tombstone suitable to the value of decedent's estate is a proper charge.*
A marble slab placed over the intestate's grave, if its cost be in accordance··
with the value of his estate, and with what was his condition in life, is a·
proper charge against the assets in the hands of the administrator.

2. *If the estate be declared insolvent, the claim must be verified and filed.*
But when the estate is legally declared insolvent, the account must be veri-
fied and filed against the estate in the same manner as other claims are·

[Hatchett v. Curbow.]

·filed. Under the general policy of our system of insolvency, preferred
·claims, as well as those not preferred, must be alike verified and filed.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

Joseph Curbow and Lyman A. Hitchcock, as executors of
the will of H. W. Hitchcock, deceased, brought suit against
William T. Hatchett, to recover the value of a marble slab
placed over the grave of William H. Ogbourne. The ·de-
·fendant pleaded, in short, by consent:

" 1.  General issue.

" 2.  That the estate of the said William H. Ogbourne,
was, on the 26th day of December, 1874, reported by this
·defendant, who was then the administrator thereof, insolvent,
to the Probate Court of Montgomery county, which Probate
·Court had jurisdiction of the said estate, and that on the
:second day of February, 1875, said report was duly heard
and considered by said Probate Court, and said estate duly
declared insolvent, and an order made for this defendant, as
administrator, to file and settle his accounts as such admin-
istrator was duly heard, allowed and passed by said court,
·and the creditors of said estate failing to elect any adminis-
·trator *de bonis non* on such insolvent estate, this defendant
was continued, by order of said court, as administrator *de
bonis non* of said estate in insolvency; that due notice of
·said declaration of insolvency of said estate was given by
said Probate Court, and that the claim of plaintiff's testator,
described in the complaint was not filed in said Probate
Court as a claim against said estate in insolvency within nine
months of said declaration of insolvency, nor within nine
months after said·claim accrued; nor has it ever been filed
in said Probate Court as a claim against said estate in insol-
·vency.

" 3.  That the estate of the said William H. Ogbourne,
deceased, was reported by this defendant, who was then the
administrator thereof, on the 26th day of December, 1874,
to the Probate Court of Montgomery county, which had
jurisdiction of the administration, to be insolvent, and said
Probate Court, on the 2d day of February, 1875, regularly
heard and passed on said report, and regularly declared and
decreed said estate to be insolvent, and gave due notice of
such declaration and decree, and requested all persons having
·claims against said estate to file the same in said Probate
Court, against said estate in insolvency within the time pre-
·scribed by law, and the defendant, under said declaration and
·decree, filed in said Probate Court his account as adminis-

[Hatchett v. Curbow.]

trator of said estate for a final settlement of his administration thereof, and in account charged himself with all the assets of the said estate, and that said account was duly and regularly heard, allowed and passed by the said Probate Court on the 5th day of March, 1875; that the claim against the estate of William H. Ogbourne, deceased, described in the complaint, was never filed in said Probate Court as a claim against said estate in insolvency, but that a large number of other claims were filed against said estate in insolvency, in said Probate Court, within nine months after said declaration and decree; and that on the 24th day of May, 1877, the defendant's account as administrator *de bonis non* in insolvency, which had previously been filed, and of which filing due notice had been given, was regularly heard, allowed and passed by said Probate Court; that in said account this defendant was charged with all the assets of the said estate; that on the 24th day of May, 1877, said Probate Court audited and passed on the several claims which had been filed in said Probate Court against the said estate in insolvency, and passed and allowed large claims against said estate, exceeding largely in amount the balance found in the hands of the defendant for distribution; and said court thereupon decreed to each of the owners of said claims, as allowed the *pro rata* share of said balance, to which each of said owners was entitled, and entered decree against the defendant for the said several shares respectively, and the defendant then and there paid up said several decrees in full, and in so paying said decrees distributed the whole of said balance among and between the several owners ascertained by said Probate Court to be entitled to payment out of said balance, and said decrees were each then and there fully satisfied, and the defendant then and there fully discharged by said Probate Court from the administration of said estate and all liability therefor.

" 4. That the claim of the plaintiffs was not presented to the administrator of the said estate of said William H. Ogbourne, nor filed in the Probate Court of Montgomery county, within eighteen months after grant of letters of administration upon said estate, nor after said claim accrued as a claim against said estate."

The plaintiffs demurred to the second and third pleas of the defendant and assigned the following grounds of demurrer, viz.:

" 1. The plaintiffs' claim being for funeral expenses was not such claim as is required to be filed against said estate

[Hatchett v. Curbow.]

in insolvency when there were assets more than sufficient to pay all the preferred claims against said estate.

" 2. That said plea shows the defendant had in his hands as such administrator assets more than sufficient to pay all preferred claims against said estate, and that he applied the same to the payment of claims against said estate inferior in order of preference to the claims of other creditors.

" 3. That the report of said estate insolvent and a settlement of the same in the Probate Court, and payment of the assets to other claims filed in the Probate Court, furnishes no excuse for failing to pay out of said assets the claim of plaintiff.

" 4. That it was the duty of said W. T. Hatchett, as such administrator, to pay the claim of plaintiff as soon as possible, and out of the first money received by him as assets of said estate.

" 5. That said plea presents no facts which relieve the defendant from the duty of paying the claim of plaintiff out of the assets of said estate as received by him."

The court sustained the demurrer of the plaintiff. They then joined issue with the defendant on the pleas of " the general issue and statute of non-claim."

On the trial, it appeared that the testator (H. W. Hitchcock), had furnished for the burial of William H. Ogbourne, marble slabs of the value of one hundred and forty-one dollars. The marble was used in covering the grave. There was evidence tending to show " that William H. Ogbourne had formerly been a man of wealth, and that his standing and condition in life was highly respectable and equal to that of the best people in the community in which he lived." A witness, who was an undertaker, testified that " marble slabs and vault marble, such as the testimony described was used in the burial of persons of the degree and condition in life of the deceased," but on cross-examination he testified " that not one-tenth of such persons were buried with marble slabs and vault marble covering their graves."

The defendant introduced evidence showing the whole estate of William H. Ogbourne amounted to twenty-five hundred dollars, and that of this sum he had used seven hundred and fifty dollars in satisfaction of a mortgage upon a part of the said property; and " that one thousand dollars out of said sum was allowed the widow as her exemptions;" and that there remained in the hands of the defendant only seven hundred and fifty dollars with which to defray the expenses of the administration and to pay the debts of the

[Hatchett v. Curbow.]

decedent. The claims against the estate amounted to six thousand dollars, but all of them had not been " filed in the Probate Court against the estate in insolvency, but such as had been filed and allowed by the court exceeded the assets in the hands of the defendant as administrator."

The defendant asked the court to give the following charge, which was in writing, to the jury :

" If the jury believe that the estate of William. H. Ogbourne, deceased, was not worth more than twenty-five hundred dollars, and out of this amount seven hundred and fifty dollars had to be paid in order to discharge part of the estate from mortgage, and that one thousand dollars was claimed and allowed to the widow for her exemptions, and that the debts against the said estate amounted to six thousand dollars, and that not more than one-tenth of the persons in the same standing and condition in life as said deceased, who died are buried with marble slabs over their graves, then marble slabs are not a reasonable expense incurred in the burial of the deceased.

The court refused to give the charge, and the defendant excepted.

E. J. FITZPATRICK, for appellant.—1. The demurrer to the defendant's pleas numbered two and three should have been overruled. The Code provides a set of rules as to insolvent estates complete in itself and entirely different from the common law. These rules vest in the Probate Court entire and exclusive jurisdisdiction of all claims against insolvent estates. *No creditor* can participate in the assets except by the decree of the Probate Court on his claim, even though the claim be a judgment of another court. Whatever the dignity of the claim, or the absolute certainty of its correctness, the decree of the Probate Court is necessary to be had upon it.—32 Ala. 611 ; 34 Ala. 556 ; 34 Ala. 540 ; 32 Ala. 502 ; 35 Ala. 574.

2. The decree of insolvency takes away from the administrator in chief all authority to pass and pay claims ; if he assumes to pay, he can only reimburse himself by taking the place of the creditor and filing the claim himself.—36 Ala. 117. The decree of insolvency stops all suits except such as may have already begun, and the statute permits no litigation after settlement in insolvency.—34 Ala. 556. The cases of 3 Stew. & Port. 244, and 9 Port. 283, were upon an exception in the statute then in force. The statute now is without exception.

[Hatchett v. Curbow.]

3. In the face of the language of section 2568 of the Code, the court erred in holding the claim of the plaintiffs was not required to be filed.—Authorities, *supra*.

4. The charge requested by the defendant should have been given. The facts being ascertained, their effect was purely a question of law.

R. M. WILLIAMSON, for appellee.—1. The statute imposes the duty upon the administrator to pay the funeral expenses in preference to all other claims, and when he has assets sufficient, he is derelict in not doing so.—Code, § 2430.

2. Only those claims need be presented or filed against the estate in insolvency as must share *pro rata* with other claims. As soon as the administrator raises money sufficient to pay claims of a preferred class, it is his duty to pay them, and he can not by his neglect postpone such creditor to the remedy against the insolvent estate in the Probate Court. 3 Stew. & Port. 244; 9 Port. 283.

STONE, J.—"All claims against the estate of a deceased person, must be presented within eighteen months after the same have accrued, or within eighteen months after the grant of letters testamentary, or of administration; and if not presented within that time, are forever barred.

The presentation may be made, either to the executor or administrator, or by filing the claim, or a statement thereof, in the office of the judge of probate in which letters were granted; in which case, the same must be docketed, with a note of the time of such presentation; and if required, a statement must be given by such judge, showing the time of such presentation."—Code of 1876, §§ 2597, 2599.

"The debts against the estates [of decedents] are to be paid in the following order:

"1. The funeral expenses," &c.—Code of 1876, § 2430.

In the present case, the claim is for marble used in the burial of appellant's intestate; and we necessarily know that it was required and used before the administrator was appointed. "No letters of administration must be granted till the expiration of fifteen days after the death of the intestate is known."—Code of 1876, § 2357. There is no proof or pretence that the marble was purchased by the intestate in his life-time, or that it was ordered by his administrator. Still, if suitable to intestate's estate and condition, it is a proper charge against the assets in the hands of the administrator. Burial of the dead is a public and private necessity,

which, not being otherwise provided, may be furnished by a. stranger, and the value made a first charge on the assets. Still, the expense of such burial must bear reasonable proportion to the condition and estate of the deceased; and if disproportionate, should be scaled to that standard.

The proof tends to show that the present claim was presented to the administrator for payment within eighteen months after his appointment; that the estate was then declared insolvent, and that the claim was not filed in the office of the judge of probate, within nine months after such declaration, verified," &c.—Code of 1876, § 2568. The main contest in this suit is, whether the claim in controversy is of a class which the statute requires to be filed against an insolvent estate. In *Harrison v. Harrison*, 39 Ala. 489, 496, it was said, " To be a claim against the estate, there must be the relation of debtor and creditor ; and we are not aware of any conceivable case in which the claim of heirs and legatees to the estate, or parts of it, can be called claims against the estate. Claims against an estate are almost universally those claims against the testator or intestate, which existed and were left unadjusted, at the time of his death. I will not say there may not be exceptional cases, in which valid claims against an estate may have their inception after the death of the person, late its owner ; but the general rule is the other way."—See also *Mulhall v. Williams*, 32 Ala. 489; *Fretwell v. McLemore*, 52 Ala. 124, 146.

Chapter 8, Tit. 1, Part 2, Code of 1876, commencing with section 2549, is devoted to insolvent estates of decedents. It does not propose to unsettle priorities in the payment of debts and liabilities, declared in other provisions of the Code.. Its purpose is, when the assets are in fact, or apparently insufficient to pay all debts of every class, to withdraw liti-- gation from other tribunals, and settle the whole estate in the one Probate Court, by which the estate is declared insolvent. See *Edwards v. Gibbs*, 11 Ala. 292. The proposition may be stated as an axiomatic truth, that when all the assets of an estate, faithfully administered, are insufficient to pay all the debts, preferred and non-preferred, including the proper expenses of administration, the estate is insolvent; and the policy of the law is that such estates shall be reported and declared insolvent. The first step in the report, to be made under oath by the executor or administrator, which report. must aver that he is " satisfied the property of the estate is insufficient to pay its debts." This report must be accompa-- nied by these schedules, or statements :        •

[Hatchett v. Curbow.]

1. "A statement of all the goods and chattels, evidences of debt and other personal property, with the estimated value of each, and the amount of money belonging to the estate.

2. A full statement of the real property of the deceased, or any interest therein; the local situation of such property; and the estimated value thereof.

3. A full statement of the claims against the estate, which have come to his knowledge; the character and amount of each claim; and the name and residence of each creditor, if known."—Code of 1876, §§ 2550–1. It will be observed that the first two of these statements or schedules, are required to show the entire assets of the estate; and the last, the amount of claims against the estate, which have come to the knowledge of the executor or administrator. In other words, a debit and credit balance sheet. This, if faithfully made out, presents a *prima facie* case of solvency or insolvency. In many cases, the inequality of the assets and debts will be very slight; and, in order to determine the question accurately, it will frequently become necessary to know the amount of each and every claim against the estate, preferred or non-preferred, as well as the entire assets. And an issue may be formed by any creditor, denying that the estate is insolvent; and on the trial of such issue, it will be competent to prove that the assets are greater, or the debts less than the sums set forth in the schedules.—Code, § 2555.

Now, the provisions and principles of law stated above go very far to show, that when an estate is declared insolvent, all after proceedings, as a rule, shall be transferred to, and settled in the Probate Court. There are exceptions to this rule, for which sections 2579, 2580 and 2581 of the Code make provision, and there may be some other exceptions; but the policy and general rule of law are as above stated. And section 2549 of the Code tends farther to show that all claims against an insolvent estate, preferred and non-preferred, should be adjudicated in one settlement.

There might be no reason for this ruling, if preferred claims were always of ascertained and admitted amounts. Such is not the case. Claims of the first class—for funeral expenses—must necessarily present two inquiries; First, their value, and, second, their suitableness to the estate and condition of decedent. And expenses of the last illness also present the inquiry of value. The personal representative, and creditors can raise these issues.—Code, §§ 2575, 2555. Under the various provisions of the statute copied above, and under the general policy of our insolvent system, we

hold that preferred claims against an insolvent estate must be filed verified as other claims are. The administrator, how-ever, if satisfied that he has sufficient assets, and the pre-ferred claims are just and reasonable, may pay them, and bring them himself into his insolvent account, taking the risk of their allowance.

In the rulings above we have not been unmindful of the decision of this court in *Fennell v. Patrick*, 3 Stew. & Port. 244. That ruling was under a statute entirely different from our present system.—See *Humphreys v. Morrow*, 9 Por. 283. We are also aware that our present ruling, while it harmo-nizes well with subdivisions 1, 3, 4, 5, 6 of section 2430 of the Code, is probably inapt when applied to subdivision 2. This, however, does not change our views; for administra-tion charges are open to objection and contest on settlement, whether previously excepted to or not.

The plaintiff's demurrer to defendant's pleas numbered 2 and 3 should have been overruled. The charge asked was rightly refused, because it sought to make the custom or practice of eight-tenths the controlling rule, as matter of law, by which the jury must be governed in deter-mining the fitness of the expense, and reasonableness of the claim. This was probably proper evidence for the jury; but it was for them to determine whether the estate and condi-tion of intestate were such as to justify the style of his burial.

Reversed and remanded.