# Byers & Robinson v. Baker, Peterson & Co.

## and

# Enochs & Co. v. Baker, Peterson & Co.

*Garnishment Suits.*

1. *Demurrer; when no issue of fact can be made after demurrer sustained.*—Where a demurrer to plaintiff's answer to the defendants' motion to dismiss the levy of a writ of garnishment is sustained, there is no issue of fact which can be raised on the answer for the consideration of the jury; the demurrer admitting all the facts well pleaded in the answer, and the judgment sustaining such demurrer declaring that these facts were not sufficient to prevent the granting of the motion.

2. *Judgment by default; when not grantable.*—In the absence of a general appearance by a defendant in attachment, a judgment by default can not be rendered against him, unless there is a levy upon property on which the judgment may operate; and where the only levy is by a summons of a garnishee, a judgment by default can not be rendered against the defendant until the garnishee answers, admitting a debt due, or property in his possession, which may be subjected to the payment of plaintiff's demand.

APPEALS from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

The appellants in these two cases brought separate actions of assumpsit against the appellees, Baker, Peterson & Co. Each of said suits was instituted by suing out a writ of attachment against defendants, which was executed by the service of a sheriff's garnishment upon A. Gerald, chief of police of the city of Montgomery, who had previously arrested defendants, Frank Baker and James Peterson, who had been previously engaged in business in the city of New Orleans, under the firm name of Baker, Peterson & Co.

The claims of each of the plaintiffs were for goods sold to the defendant. These two cases were submitted

together, and grew out of the same transactions as those stated in the report of the case of *Cunningham v. Baker, Peterson & Co*, *ante*, page, 160; and the transcript in each of the three cases disclosed the same facts, with the exception that in the transcripts of each of these two cases there is a bill of exceptions, each of which shows the same facts. These facts are substantially as follows : On July 15, 1893, when the demurrer by the defendants to the plaintiffs' answer to the defendants' motion to discharge the levy of garnishments, and to restore the property of the defendants, came on to be heard, the plaintiffs objected to the court's hearing said demurrer of the defendants to their said answer, and demanded of the court a trial by jury on the issues presented by said answer of the plaintiffs to the motion of the defendants. The court, however, overruled the plaintiffs' objection to the hearing of the said demurrers, and also refused the demand of the plaintiffs for a trial by jury of the supposed issues presented by their said answer ; and the plaintiffs separately excepted to each of these rulings. After the court had rendered judgment against the plaintiffs, vacating, annulling, and dismissing the attachment writs executed by the levy of the sheriff's garnishments, and had ordered the garnishee to restore the property to the said defendants, the plaintiffs, on July 29, 1893, moved the court for a judgment by default against the said defendant, with a writ of inquiry to the jury to ascertain the amount of indebtedness due by the defendants to the plaintiffs, ''because said defendants are in default in not appearing in person or by their attorney in this suit on its merits.'' This motion was objected to by the defendants, and, in support of their motion, the plaintiffs introduced in evidence the proceedings in the present cases, showing the institution of the present suit, by attachment, etc., and also the testimony of the clerk of the circuit court, who testified that he had given notice to the defendants by publication of the pendency of said suit. This motion of the plaintiffs for a judgment by default with a writ of inquiry was overruled, and the plaintiffs duly excepted. On the appeal in each of these cases, the plaintiffs, in addition to the assignments of error contained in the case of *Cunningham v. Baker*, also

assign as error the overruling by the court of their several motions as stated above.

RICHARDSON & REESE, for appellants.—The lower court should have given personal judgments against appellees. *nil dicit*, as they had been served both by attachment proceedings and personal service. We submit that this entire controversy should have been left to a jury as a question of fact for them to determine whether the officer taking the property from the appellees acted *bona fide*, and for a proper purpose, or *mala fide*, and for an improper purpose.—*Closson v. Morrison*, 93 Amer. Dec. 459.

LOMAX & LIGON, *contra*.— There was no error in the action of trial court in granting the motion to dissolve the attachment and dismissing the case without rendering a personal judgment against the appellees. If the property levied on was not liable to attachment and the levy was consequently void, (and this whether the levy be made directly on the property or by service of the sheriff's garnishment), then the court had no jurisdiction of the case, and judgment by default can not be rendered against a person when the court acquired no jurisdiction, either by service of process, or by levy of attachment. Judgment by default can not be rendered against a party not served with process.—*Neff v. Edwards*, 81 Ala. 246; *Ladiga Saw-Mill Co. v. Smith*, 78 Ala. 110; *Shapard v. Lightfoot*, 56 Ala. 506; *Childress v. Taylor*, 33 Ala. 185; *Pennoyer v. Neff*, 95 U. S. 714.

BRICKELL, C. J.—These cases were submitted in connection with the case of Cunningham & Son against the appellees. The principal question involved in that case was decided adversely to the appellants. There is in these cases a bill of exceptions, which as we construe it, raises two questions. The first of these questions, is, whether the court below erred in refusing to refer to a jury the truth of the allegations in the answer of the appellants, a demurrer to the answer having been sustained. The demurrer to the answer having been sustained, there was no issue of fact which could be raised on it. The demurrer was an admission upon the record

[Syndicate Insurance Co. v. Catchings.]

of all facts in the answer well pleaded. The judgment sustaining it, was the sentence of the law, that these facts were not sufficient to bar the appellees of the relief sought by the motion.

The second question arises from the refusal of the court to render judgments by default against the defendants. It has long been settled, that in the absence of a general appearance by a defendant in attachment, a judgment by default or *nil dicit* can not be rendered against him, unless there is a levy upon property on which the judgment may operate. If, as was true in these cases, the only levy is by the summons of a garnishee, there must be a judgment against the garnishee to support a judgment against the defendant.—1 Brick. Dig. 165, §§ 161, *et seq.* This rule is not changed by the statute, (Code, § 2936), which requires that notice of the attachment and levy be given the defendant by publication, if he resides without the State. The purpose of that statute is to render the case triable at the first or return term of the attachment, if the publication is perfected twenty days before the commencement of the term.

We find no error in the records, and the judgments must be affirmed.