(94 South. 801)

**PHILLIPS v. FIRST NAT. BANK OF BESSEMER. (6 Div. 712.)**

(Supreme Court of Alabama. Nov. 2, 1922. Rehearing Denied Dec. 14, 1922.)

**1. Executors and administrators ⬤⟿214—Bank paying decedent's reasonable funeral expenses held entitled to reimbursement.**

Under Code 1907, § 2597, as well as independent of statute, a bank in which decedent was a depositor, having paid reasonable funeral expenses, was entitled to reimbursement on showing necessity of payment.

**2. Executors and administrators ⬤⟿86(1) — Administrator cannot maintain action for personal estate where less than $1,000.**

Under Code 1907, § 4200, as to widow's statutory exemption where the personal estate is less than $1,000, the title thereof is in her, and she is the proper party to reduce it to possession, so that, where an administrator's petition therefor against a bank holding funds of decedent showed it was less than said amount and was exempt to the widow, he could not maintain the suit.

**3. Banks and banking ⬤⟿154(7) — Evidence ⬤⟿413—Witness may testify that he owned part of a deposit left by a decedent.**

A witness might testify that she owned part of a deposit of money in a bank left by a decedent, to overcome the presumption of ownership in the depositor, and such testimony did not contradict terms of any written instrument between the bank and the decedent.

**4. Executors and administrators ⬤⟿450—Evidence held admissible to show right of stranger to recover funeral expenses.**

In an action by an administrator against a bank to recover a deposit made by decedent, in which the bank set up payment of funeral expenses, it was competent for the bank to show the relations with decedent of a woman having custody of decedent's remains and to show that decedent's wife refused to have anything to do with the burial, to show that defendant was not a meddlesome volunteer.

*On Rehearing.*

**5. Executors and administrators ⬤⟿86(1) — Statute held to grant administrator no right to sue for personalty not exceeding $1,000 in value.**

Code, §§ 2579, 4203, as to collection of assets, does not authorize suit for money by an administrator, when it appears that the debt is part of decedent's personalty, all of which does not exceed $1,000, which exemption vests in the widow.

McClellan, J., dissenting.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Adaline Phillips against the First National Bank of Bessemer. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Affirmed.

Adaline Phillips sues as administratrix of the estate of Jackson Phillips, deceased, to recover money alleged to be due her intestate's estate. Count 1 is a common count, and count 2 claims $200 for money deposited by intestate in defendant bank, and due him as such depositor.

Defendant pleaded the general issue, and special plea 3, as follows:

"The defendant for answer to the complaint and to each count thereof separately and severally says that, as a defense to the cause of action stated in said count at the time said action was commenced, the plaintiff was indebted to defendant in the sum of $140.75 by an implied promise to pay defendant said sum, which the defendant had on, to wit, March 3, 1920, and before the appointment of administratrix, paid to the Murphy Undertaking Company for the burial expenses of plaintiff's intestate, which sum defendant avers was a reasonable and suitable sum to be expended for such purpose, and which it did expend in payment of the services and services performed and goods furnished by said Murphy Undertaking Company in and about the burial of plaintiff's intes-

tate, and which sum defendant hereby offers to set off against the demand of the plaintiff."

Demurrers to this plea were overruled, and plaintiff replied as follows:

"Comes the plaintiff in this cause, and for reply to plea 3 * * * filed by the defendant in this cause says that if the said defendant did pay the sum of $132.50, or any other sum, for said funeral expenses, that said sum was not paid at the request of or by any authorized representative of the estate of plaintiff's intestate, and before an authorized representative of the estate could be appointed under the law, and was paid of the funds of plaintiff's intestate that were exempt to the widow of the deceased, and plaintiff avers that the deceased, Jackson Phillips, the plaintiff's intestate, left surviving him his widow, Adaline Phillips, and that he left personal property less in value than $1,000, and that the amount so paid as funeral expenses was a part of the personal property left by the decedent."

Demurrer was sustained to this replication, and the cause was tried on the general issue and plea 3.

The evidence shows without dispute that plaintiff was the lawful wife of intestate, but had been separated from him for about eight years, during which time intestate lived with and claimed another woman, Mattie Phillips, as his wife. He was living with the latter when he died, and had on deposit to his credit at defendant bank the sum of $190. When Jackson died, Mattie employed .an undertaker to prepare the body and bury it, and went to defendant bank and induced it to pay over the amount of the deposit to the undertaker to cover burial expenses, with the understanding that what was left over would be returned to Mattie.

The undertaker's charges were $140.75, which were shown to be reasonable and proper; and Mattie was allowed to testify that $50 of the money on deposit in Jackson's name belonged to her.

An officer of the bank was allowed, also, to testify that Mattie claimed to own $50 of the deposit, at the time the bank paid it out to the undertaker.

Plaintiff appeals from a verdict and judgment for defendant.

The questions for review are sufficiently stated in the opinion.

McEniry & McEniry, of Bessemer, for appellant.

It is the duty of every executor or administrator to collect and take into his possession the goods and chattels, money, books, papers, and evidences of debt of the decedent. Code 1907, § 2579. All claims against the estate of a decedent must be presented within 12 months after the same have accrued, or within 12 months after the grant of letters testamentary or of administration, and if not presented within that time they are forever barred, and the payment or allowance thereof is prohibited. Code 1907, § 2590. All the property of the decedent, except as otherwise provided, is charged with the payment of his debts, and, if necessary, may be sold for that purpose. Code 1907, § 2596. The widow of decedent is entitled to the amount of $1,000 in value, exempt from the payment of debts and administration. Code 1907, § 4200; Code 1867, § 2060 et seq.; Code 1876, §§ 2826 and 2825; Code 1886, §§ 2546, 2547; 76 Ala. 552; 74 Ala. 311; 20 South. 356; 84 Mass. (2 Allen) 310; 14 Ky. (4 Litt.) 236; 73 Ga. 741; 56 Iowa, 26, 8 N. W. 685; 73 Ala. 542. Defendant bank cannot show, on suit against said bank by a third party interested in estate and against the administratrix of the estate, that a part of the funds deposited in the name of deceased belonged to said third party. Code 1907, § 4007. Plea 3 is not a good defense, because it does not allege sufficient facts to bar the plaintiff from recovery. 1 Brick. Dig. 932; 72 Ala. 72; 155 Ala. 495, 46 South. 582; 23 C. J. 1189; Code 1907, § 2579.

Huey & Welch, of Bessemer, for appellee.

A claim of a third person for the funeral expenses of a decedent is not a claim against his estate, within Code 1907, §§ 2590, 2593, providing that all claims against the estate of the decedent, other than those referred to in the preceding sections, must be presented within 12 months after accrual or after grant of letters, but falls within section 2589, relating to claims of executors or administrators for sums properly disbursed by them in the course of administration. 7 Ala. App. 232, 60 South. 1000. In an action by a widow against one liable to her husband, where she sought to recover a judgment, so that her allowance of $1,000 given by Code 1907, § 4200, could be satisfied, any set-off due the defendant may be urged to reduce the recovery. 9 Ala. App. 564, 63 South. 735. A replication to a plea of set-off in a suit by an administratrix against a person who owed the deceased, which replication set up that the deceased had less than $1,000 in personal property, and that the widow was entitled to such personalty as her exemption, is bad on demurrer. 9 Ala. App. 564, 63 South. 736. Where money belonging to one person is in the hands of another, or is in a bank, and suit is brought against such other person, or the bank, it can be shown that such money belongs to such rightful owner thereof. 134 Ala. 343, 32 South. 716, 92 Am. St. Rep. 38; 199 Ala. 242, 74 South. 343; 192 Ala. 351, 68 South. 280. Burial expenses of the decedent, which necessarily devolve on his friends and relations before the grant of an administration, are regarded as money paid on the request of the personal representative, and the law implies a promise on his part to repay it, and a claim for such expenses so paid is not an open account. 72 Ala. 254, 47 Am. Rep. 405.

SOMERVILLE, J. [1] Under our statute (section 2597, Code 1907), funeral expenses are made the first preferred claim against the assets of a decedent's estate.

But, independent of any statute—

"Funeral expenses, says Lord Coke, according to the degree and quality of the deceased, at common law were allowed of the goods of the deceased, before any debt or duty whatever, and his burial was the first duty of an executor. If there was no executor, or if he was unknown, or not at hand, a friend or a stranger may attend to the duty, and bury the deceased in a manner suitable to the estate he leaves behind him; and the necessary expenses must be repaid him by the personal representative, having assets, though he neither ordered, nor had knowledge of the expenditure. 2 Williams, Exrx.. 871." Gayle's Adm'r v. Johnston, 72 Ala. 254, 47 Am. Rep. 405.

In that case Brickell, C. J., further observed:

"The burial, of necessity, here devolves as a duty upon friends or relatives; for, until 15 days after death, there can be no administration, or grant of letters testamentary. Priority of payment of funeral expenses, as at common law, the statute secures. Code of 1876, § 2430. The amount of such expenses, when paid by a friend or relative, is regarded as money paid on request of the personal representative; and the law raises a promise to repay it, so far as he has assets. Hapgood v. Houghton, 10 Pick. 154."

In the earlier case of Hatchett v. Curbow, 59 Ala. 516, 521, Stone, J., said:

"Burial of the dead is a public * * * necessity, which, not being otherwise provided, may be furnished by a stranger, and the value made a first charge on the assets. Still, the expense of such burial must bear reasonable proportion to the condition and estate of the deceased; and if disproportionate, should be scaled to that standard."

Many cases on this subject are collected in the note to Fogg v. Holbrook, Ex'r, 88 Me. 169, 33 Atl. 792, 33 L. R. A. 660, 669. Two of the leading cases are Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384; and Hildebrand v. Kinney, 172 Ind. 447, 87 N. E. 832, 19 Ann. Cas. 788.

As observed by the editor in the note above referred to (33 L. R. A. 661), the expenses which are thus chargeable upon the decedent's estate in favor of a stranger are those which are incident to the burial itself, and which cannot be postponed. Samuel v. Thomas, 51 Wis. 549, 8 N. W. 361; Sweeney v. Muldoon, 139 Mass. 304, 31 N. E. 720, 52 Am. Rep. 708.

In Sewell v. Sewell, Adm'x, 199 Ala. 242, 74 South. 343, we held, in an action by an administratrix to recover money found on the person of the decedent and taken possession of by his father, that the father could show that part of the money was used by him to pay the burial expenses of the decedent.

Under the foregoing authorities it is clear that defendant's plea 3 exhibited a good defense to the action, and was not subject to any of the grounds of demurrer.

[2] Plaintiff's special replication to that plea shows that her intestate left surviving him a widow, Adaline Phillips, and that he left a personal estate of less than $1,000 in value, of which his said deposit account was a part; and that that fund was exempt to the widow as a part of her statutory exemption. Code, § 4200.

In such a case, as several times held by this court, the right and title to all of the personal estate vests absolutely in the widow, and she is the proper party to take it, or to reduce it to possession by suit, if necessary. Jackson v. Wilson, 117 Ala. 432, 23 South. 521; Snead v. Scott, 182 Ala. 97, 62 South. 36.

Presumptively, of course, the personal representative is entitled to recover all of the assets of the decedent's estate, and a debtor need not, and perhaps cannot, set up the widow's right, to defeat an action therefor— at least not unless the widow has previously claimed and intercepted the fund. But when, as here, the personal representative himself shows, by formal pleading, that the widow's claim is vested and absolute, he denies and defeats his own right of recovery.

Under an identical state of the pleadings, the same conclusion was reached by the Court of Appeals in the case of Lasseter v. Deas, 9 Ala. App. 564, 63 South. 735, wherein the distinction between the right to recover as representative and as widow was aptly pointed out by Pelham, J.

This objection to the replication was pointed out by defendant's demurrer, which was therefore properly sustained.

Under the pleadings, as framed, the issues of fact to be submitted to the jury were: (1) The payment by defendant of $140.75 to the undertaker for the expenses of the intestate's burial; (2) the necessity and reasonableness of such expenses; and (3) the ownership of the balance of intestate's deposit account, amounting to $49.25, paid by defendant to Mattie Phillips, and claimed by her as her own property.

[3] Prima facie, the person who deposits money, and to whose credit it is entered on the books of the bank, is the owner of the fund, to whom the bank is bound to pay it; and, no adversary claim appearing, the bank is estopped to deny such ownership. 7 Corp. Jur. 639, § 323, and cases cited in notes 78 and 79; Bessemer Sav. Bk. v. Anderson, 134 Ala. 343, 32 South. 716, 92 Am. St. Rep. 38. But as those authorities show, the presumption of ownership in the depositor is rebuttable, and will yield to competent evidence of ownership in another. It was competent for Mattie Phillips to testify to her ownership of a part of this deposit, and for defendant's president to testify that she claimed

a part of it before it was paid out under her direction and authority.

Such testimony was not in contradiction of the terms of any written instrument of binding obligation between defendant and plaintiff's intestate.

[4] It was competent for defendant to show the relation of Mattie Phillips to the intestate, in order to explain the fact of her custody of his remains, and to show that defendant was not a meddlesome volunteer, merely, in advancing the money to defray the necessary expenses of burial. For the same reason, also, defendant could properly show that plaintiff, who was intestate's lawful wife, refused to have anything to do with the burial.

Those matters being relevant to the issues, the trial court did not err in overruling plaintiff's objections to the statements made by defendant's counsel, in outlining defendant's case to the jury, that they would be duly shown by the evidence.

The assignments of error are very numerous. We have examined all of them and do not find any prejudicial error among the rulings complained of. We think the issues of fact were fairly submitted to the jury, under appropriate instructions from the trial judge, and that the judgment should be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

On Rehearing.

SOMERVILLE, J. [5] We do not construe section 2579 of the Code as a mandate to executors and administrators to bring suit for the possession of personal property, or for the recovery of money, belonging to or due to the estates of their decedents. As its language clearly indicates, the intention of the statute is to impose upon the personal representative the duty merely of gathering together in his own possession the goods, money, books, papers, etc., of the decedent, in order to preserve them from loss or spoliation, and to enable him to make a full inventory thereof, to be returned, under oath, to the probate court. The fact that the statute requires the performance of this duty by the personal representative "immediately after taking out letters" clearly and conclusively distinguishes this duty of physical collection and possession from the general common-law duty to recover all debts due the estate, by suit or otherwise—as to which he should proceed within a reasonable time, which is usually regarded as one year. 23 Corp. Jur. 1191, § 423.

Section 4203 of the Code provides that, even before administration, and before any setting apart of the exempt property, "the right of the widow * * * to the use and benefit of such property, shall be the same as if it had been set apart as exempt; and suits respecting the same may be maintained or defended by the widow, * * * as fully, and to the same extent, as if such property had been set apart as exempt from administration." This statute is clearly applicable, even when the personalty exceeds $1,000, as to any property of less value than $1,000. See Blankenbeck v. Foster, 206 Ala. 85, 89 South. 171. In such a case a suit by the widow to recover a debt, being in effect an appropriation of it to her claim of exemptions, would preclude a suit therefor by the personal representative, which he could otherwise maintain. But when it appears that the debt sued for is a part of the decedent's personalty, all of which does not exceed $1,000 in value, the legal conclusion is that it has vested in the widow "as absolutely as if the particular property had been selected, set apart and declared exempt." Jackson v. Wilson, 117 Ala. 432, 435, 23 South. 521, 522. In such a case, no reason can be found for holding that the personal representative may nevertheless maintain a suit as for the recovery of assets of the estate, and his prima facie right to do so is rebutted.

We have not passed upon the question of priority as between the claim of this defendant for reimbursement out of property belonging to the decedent, and the claim of the widow to exemptions under section 4200 of the Code. As we view the pleadings, that question does not arise in this suit by the administratrix, and for that reason we have not undertaken its consideration.

The application for rehearing will be overruled.

All the Justices concur, except McCLELLAN, J., who dissents.

McCLELLAN, J. (dissenting). The action is by the administratrix of her intestate against the defendant, appellee, to recover money on deposit with the defendant bank to the credit of intestate at the time of his decease. Besides the general issue, the defendant interposed plea 3, a plea of set-off, which reads:

"The defendant for answer to the complaint and to each count thereof separately and severally says that, as a defense to the cause of action stated in said count at the time said action was commenced, the plaintiff was indebted to defendant in the sum of $140.75 by an implied promise to pay defendant said sum, which the defendant had on, to wit, March 3, 1920, and before the appointment of administratrix, paid to the Murphy Undertaking Company for the burial expenses of plaintiff's intestate, which sum defendant avers was a reasonable and suitable sum to be expended for such purpose, and which it did expend in payment of the services and services performed and goods furnished by said Murphy Undertaking Company in and about the burial of plaintiff's intestate, and which sum defendant hereby offers to set off against the demand of the plaintiff."

Plaintiff's demurrer to plea 3 being properly overruled, the plaintiff replied thereto specially as follows:

"Comes the plaintiff in this cause, and for reply to pleas 3 and 4 filed by the defendant in this cause says that if the said defendant did pay the sum of $132.50, or any other sum, for said funeral expenses, that said sum was not paid at the request of or by any authorized representative of the estate of plaintiff's intestate, and before an authorized representative of the estate could be appointed under the law, and was paid 'of the funds of plaintiff's intestate that were exempt to the widow of the deceased, and plaintiff avers that the deceased, Jackson Phillips, the plaintiff's intestate, left surviving him his widow, Adaline Phillips, and that he left personal property less in value than $1,000, and that the amount so paid as funeral expenses was a part of the personal property left by the decedent."

Plea 4 is in the words of plea 3 (quoted above), except that therein the defendant offered to pay the plaintiff the difference between the undertaker's charges and the sum on hand, viz. $57.50.

The sufficiency of a special replication, when assailed by demurrer, depends, of course, upon the plea or pleas to which the special replication is interposed. Pleas 3 and 4 are pleas of set-off purely. "Such a plea [i. e. set-off] would in effect acknowledge the justice of plaintiff's demand, and set up an opposing demand to counterbalance it." Eads v. Murphy, 52 Ala. 520, 525. A plea of set-off is, as a plea, a plea of confession and avoidance, belonging to that category or class of pleading. 4 Ency. Pl. & Pr. pp. 664, 665. As a plea, the effect of a plea of set-off, such as these pleas 3 and 4 are is to admit—it nowhere denying—plaintiff's "having an apparent or prima facie right of action." 4 Ency, Pl. & Pr. pp. 669, 671, treating the effect of pleas of confession and avoidance as giving color, express or implied, to plaintiff's right of action. As between these parties, 'viz. the administratrix, the plaintiff, and the defendant bank—so far as these pleas 3 and 4 are concerned—the defendant admitted the right of action in the administratrix; and hence, under pleas 3 and 4, the defendant can neither claim nor take any advantage whatsoever of a theory that the administratrix was not authorized to maintain this action to recover money due by the defendant bank to the decedent at the time of his decease, these pleas (3 and 4) asserting set-off and not denying "the justice of plaintiff's demand." In their other aspect, pleas 3 and 4 introduce a cross-action through the means of their assertion of a set-off, predicated of a payment made by the defendant for the expenses of interment of plaintiff's intestate; and, generally, in consequence of a payment so made, before an administrator is appointed, the law implies a promise on the part of the administrator to reimburse or to repay the party, but only out of assets of the

208 ALA.—38

decedent's estate, assets in the hands of administrator. Gayle's Adm'r v. Johnston, 72 Ala. 254, 47 Am. Rep. 405; Hatchett v. Curbow, 59 Ala. 516, 521.

While this special response to pleas 3 and 4 is characterized a "replication," it is in essence and in fact a plea to the cross-action instituted by the defendant against the plaintiff through the defendant's assertion of set-off in pleas 3 and 4. Since Crawford v. Simonton, 7 Port. (Ala.) 110, 126, 127, the sufficiency of a plea of set-off is tested by considering it as a complaint in an original action, for the same cause of action, by the defendant as plaintiff against the plaintiff as defendant. O'Brien v. Anniston Pipe Works, 93 Ala. 582, 584, 9 South. 415; Lysle v. North Ala. Gro. Co., 201 Ala. 222, 223, 77 South. 748; among others.

To the defendant's cross-action, asserted in its pleas 3 and 4, the plaintiff through the "replication," so called, interposed this unassailable defense: That the decedent left less than $1,000 worth of personal property of which this money on deposit was a part; and that decedent was survived by a widow, Adaline Phillips. The court sustained defendant's demurrer to this response or answer to the cross-action introduced by defendant's pleas 3 and 4, asserting set-off. This response or answer to the cross-action wrought, of course, no departure from the complaint; the set-off asserted by the defendant being in the nature of an original suit against the plaintiff. The sufficiency of this answer ("replication," so called) against the demurrer is, in the writer's opinion, demonstrable; so in full recognition of the fact that the plaintiff sues in her representative, not private, capacity.

May an administrator, in his or her representative capacity, maintain an action against a debtor of his or her decedent where the aggregate of the value of the personal property left by the decedent is less than $1,000, including the demand sued on—personal property (constituting all of the personalty left by decedent) of a value of less than $1,000 being exempt to the widow and minor child or children (if any) under Code, § 4200, without the exercise of the right of selection by any one and without administration upon the estate of the deceased husband or father? Jackson v. Wilson, 117 Ala. 432, 435, 23 South. 521, 522, where it was held, in direct reference to Code, § 4200, that—

"The law intervenes in such cases and attaches the right of exemption as absolutely as if the particular property had been selected, set apart and declared exempt. This would be the case, whether there was administration on the estate or not. * * * Administration would be useless in such a case."

Code, § 4200, provides that the exemption thereby given "shall also be exempt from administration and the payment of such debt."

It is manifest that if the set-off asserted in

pleas 3 and 4 was sustained and judgment awarded accordingly, thus defeating the administrator's action, the personal exemption to the widow, etc., given in express terms by Code, § 4200, as quoted, would be violated or impaired in favor of a creditor, the holder of a claim that could be implied as a charge or demand against assets of the estate only. Gayle's Adm'r v. Johnston, supra; Hatchett v. Curbow, supra. The obvious effect of the provisions of Code, § 4200, when considered in the light of the long-established pronouncements in Jackson v. Wilson, supra, is to affirm that the personal property of a decedent (not validly subjected to lien in the decedent's lifetime) up to $1,000 in value is not assets of his estate, not subject to administration as Code, § 4200, expressly provides. The effect of this exemption statute (section 4200) is to constitute the widow and minor children (if any) the statutory distributees of personalty left by the decedent where its value does not exceed $1,000. Hence the administrator in such event neither takes nor has the title to personal property so absolutely exempt to the widow and minor children, if any.

But for the statute to be quoted these considerations would require the conclusion that, in cases where the personalty left by the decedent was of a value less than $1,000, an administrator could not sue to recover or to collect property so absolutely exempt, as stated in Jackson v. Wilson, supra. The statute mentioned is Code, § 2579. It reads:

"*Collection of Personalty and Inventory.*—It is the duty of every executor or administrator, immediately after taking out letters, to collect and take into his possession the goods and chattels, money, books, papers, and evidences of debt of the decedent, except the personal property specifically exempted from administration under section 4199 (2072), and to make a full inventory of the same."

The language is broad, completely comprehensive. It imposes a duty that necessarily includes the right to invoke the courts to enable him "to collect and take into his possession" the entire personalty left by a decedent, excepting only the property exempt under Code, § 4199, which is the statute providing exemption of wearing apparel, etc., of the decedent. The solitary exception in Code, § 2579 (of Code, § 4199), exempting certain kinds of personalty from its comprehensive imposition of duty upon administrators, discloses a distinct legislative purpose not to exclude the right to collect debts or recover personalty exempt under another Code section (section 4200). The presence of the exception manifests a legislative intent to confine exceptions to that specifically, alone defined, viz. the effects described in Code, § 4199. That Code, § 2579, authorizes administrators to gain possession of personalty belonging to decedent and to collect debts due the decedent without regard to their exempt

character, is, it seems to me, not at all debatable. His authority to do so is statutory, not referable to title. The administrator is constituted by the statute (section 2579) a statutory trustee to recover personalty for the beneficiaries of the exemption, except the articles enumerated in Code, § 4199. When he recovers personalty, where that left is of a value of less than $1,000, it is his duty to deliver it to the beneficiary or beneficiaries of the exemption. The fact that a widow or minor child or children (if any) might also sue to recover from a stranger exempt personalty where that left by the decedent did not exceed $1,000 in value does not impair or negative the administrator's right under Code, § 2579, to sue and recover against a stranger, a debtor to the estate of the decedent whose debt is exempt "from administration." If both the beneficiary or beneficiaries of the exemption provided by Code, § 4200 (Jackson v. Wilson, supra), and the administrator should sue a debtor of the decedent's estate or a bailee of the decedent's personalty, the defendant's duty would be to pay the money into court or deliver up the personalty to the court's representative; thereby relieving himself of all responsibility in the premises. In this instance the widow of the decedent, the beneficiary of the exemption averred in the replication (so called) to the pleas of set-off, and the administratrix, are the same person.

If, as seems clear, the administratrix was authorized to maintain this action against the bank—a debtor of decedent at the time of his death without defense or set-off to the absolutely exempt (section 4200) demand declared on by the administratrix—then, manifestly, the matter asserted in the quoted replication (so called) was a complete answer to the cross-action instituted through pleas 3 and 4. Certainly a debtor of the decedent—that debt being absolutely exempt to the widow under Code, § 4200, because the decedent left personalty of a value less than $1,000 (Jackson v. Wilson, supra)—cannot impair, much less defeat, the absolute exemption of that debt (section 4200) by interposing a cross-action predicated of a demand such defending debtor claims against the estate of the decedent.

Upon further consideration, the writer is convinced that the court erred in sustaining the plaintiff's demurrer to quoted replication (so called), and, therefore, would reverse the judgment for that highly prejudicial error.

This result cannot be avoided by an assumption that the facts averred in the quoted replication (so called) remained in the case, for any purpose of that trial, after the demurrer was sustained. When a demurrer is sustained to a unit of pleading, no issue of fact can be raised on it. Byers, etc., v. Baker, etc., 104 Ala. 173, 175, 176, 16 South. 72. Very naturally, the plaintiff offered no

evidence, and there is none such in the transcript, to support the averments of the replication (so called) to which demurrer had been sustained.

The writer would grant the application for rehearing and reverse the judgment for error in sustaining the demurrer to the quoted replication, so called.