199 So.2d 95

**Jack CLARK, Administrator**

v.

**Lonie CLARK et al.**

4 Div. 265.

Supreme Court of Alabama.

March 2, 1967.

Rehearing Denied June 1, 1967.

Jas. W. Kelly, Geneva, for appellant.

J. Hubert Farmer, Dothan, for appellees.

SIMPSON, Justice.

This is an appeal by the administrator of the estate of Mattie Kinsaul, deceased, from a final order of settlement of the estate rendered by the Circuit Court of Geneva County, in Equity.

Mrs. Kinsaul, the decedent, died in September of 1963. Her brother, Jack Clark, petitioned for Letters of Administration which were granted to him. Subsequently, the administration of the estate was removed to the Circuit Court.

This appeal and the controversy below is limited to one issue. At the time of Mrs. Kinsaul's death there was a savings account in her name in the American Bank, Geneva, Alabama, to which $4,000 was credited to her account. She had other accounts in banks which amounted to some $11,000. No issue is involved here except as to the $4,000 first mentioned.

After the proceedings were removed to the equity side of the Circuit Court the administrator filed an inventory and a petition for final settlement of the estate. Proper notice of all matters was given to every person interested in the estate. These persons are the appellees here. The administrator in his inventory and petition for final settlement contended that "at the time of the death of Mattie Kinsaul, there was deposited to the account of Mrs. T. D. Kinsaul, [the same], in The American Bank of Geneva, Alabama, the sum of $4,030.00; that said funds were deposited into a savings account, and that the original deposit thereof was the sum of $4,000.00, but the same had earned $30.00 in interest at the time of the death of the said Mattie Kinsaul; your petitioner avers that said monies, as so deposited to the account of Mrs. T. D. Kinsaul in the said The American Bank of Geneva, Alabama, did not constitute funds of the estate of Mattie Kinsaul, deceased, but that said funds were the property of your petitioner; that this fact was made known at the time that said funds were deposited and at the time of the death of Mattie Kinsaul * * * she was mere custodian of said funds as agent or sister or bailee or trustee of your petitioner".

It is this issue that the trial court resolved against the appellant. This appeal followed.

The appellant offered testimony below to the effect that the $4,000 which was deposited to the account of the decedent was in fact his personal money; that he had had it put in his sister's name so that the "social security people" wouldn't reduce his social security compensation. The appellees put on evidence which supported their contention that the money belonged to the decedent. The evidence of appellant to the effect that the money was his was almost completely unsupported other than testimony of one witness who stated that at the time of the deposit Mr. Clark, appellant, had told him that the money was his, but that it was to be deposited to the account of his sister. There was abundant evidence that the money was said by the decedent to belong to her.

Involved here is nothing more than a case where a person dies with money in a bank account in her name. Another, here her administrator, claims that the money belongs to him. The appellant is aware that the presumption under such circumstances is that "the person who deposits money, and to whose credit it is entered on the books of the bank, is the owner of the fund * * *." Phillips v. First National Bank of Bessemer, 208 Ala. 589, 94 So. 801. The appellant was entitled and was allowed here to put on evidence to rebut the presumption that the fund belonged to the decedent. His evidence in this regard failed to overcome the presumption. In fact, it was less than convincing. The trial court so found. His finding is binding on us under the circumstances. Nothing more is involved here. The decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., MERRILL and HARWOOD, JJ., concur.