# Steele *v.* Brown; Mastin *v.* Brown.

*Bills in Equity by Widow, for Assignment of Dower.*

1. *Widow's right to dower ; proof of husband's siezin during coverture.*
Under a bill by the widow to obtain an assignment of dower in lands
of which the husband is alleged to have been seized and possessed during
coverture, if the seizin of the husband is denied, it must be affirmatively
proved by the demandant; and although strict proof is not required,
where the defendant is in possession under the husband, or claims un-
der him through mesne conveyances, yet it is not sufficient to prove
a purchase by the husband at administrator's sale, without proof of title
in the decedent, and possession under the purchase, or that the defend-
ant held under the husband, mediately or immediately.

2. *Allotment of dower by metes and bounds ; rents and profits.*—When
dower is allotted to the widow by metes and bounds, rents and profits
should be awarded from the filing of the bill, and not from the death of
the husband; nor should the allotment be made by metes and bounds,
when the lands were sold under execution against the husband, and val-
uable improvements have since been erected on them.

APPEALS from the Chancery Court of Madison.

Heard before the Hon. N. S. GRAHAM.

The bills in these two cases were each filed on 17th July,
1880, by Mrs. Elizabeth Brown, as the widow of William
Brown, deceased, against James W. Steele and Celia Mastin, re-
spectively; and sought an assignment of dower in two lots, of
which the defendants were respectively in possession, and of
which the said William Brown was alleged to have been seized
and possessed during his coverture with the complainant, with
rents, or mesne profits. It was proved that the complainant
and said William Brown were married, in Tennessee, in
1836, and soon after removed to Madison county, Alabama,
where they resided until the death of said William Brown,
which occurred in September, 1877; that the lots in which
dower was claimed, each containing about a half-acre, more or
less, were parts of a larger lot containing about two and a half
acres, which was sold and conveyed to said Brown, by John W.
Eldridge, as the administrator of the estate of R. C. Rathbone,
deceased, by deed dated the 12th March, 1846; and that said
lot was sold, under execution at law against said William Brown,
some time prior to the year 1856, the precise date not being
shown. Each of the defendants filed an answer to the bill, re-
quiring proof of its allegations, and denying seizin of the lots
by the said William Brown; each alleged that, since the sale of
the entire premises under execution against him, valuable im-

provements had been erected on each of the lots; and each claimed title under mesne conveyances from Wilson & Herstein, who entered into possession in June, 1867, under a conveyance from Joseph P. Doyle and wife. On final hearing, on pleadings and proof, the chancellor held the complainant entitled to relief in each case, and appointed commissioners to allot her dower by metes and bounds in each lot; and also held her entitled to one-third of the rents from the death of her husband, and ordered a reference to the register to ascertain the amount. The chancellor's decree, and each part thereof, are now assigned as error.

CABANISS & WARD, for the appellants.

WALKER & SHELBY, *contra*.

STONE, J.—These two cases are substantially identical in law and in fact, and we propose to decide them together.

To obtain dower, it was necessary for the complainant to allege and prove her marriage, legal or complete equitable seizin of the husband during the coverture, and the death of the husband. The first and third of these propositions are proved. Is the proof of seizin sufficient? The averment of seizin, or title, being put in issue, it became necessary to prove it. After the answers of Mrs. Brown to the fifth and sixth interrogatories were suppressed, the proof of this material averment was insufficient. True, in Scribner on Dower, vol. 2, 199, it is said: "It is well settled, that the demandant in dower is not required to make strict proof of her husband's title, under the issue of *non seizin*." But he explains what he means by making strict proof. He says: "Where the defendant is in possession under a conveyance from the husband, or by virtue of a title derived through mesne conveyances from him, proof of this fact is sufficient to establish, as against the defendant, the seizin of the husband. So, also, proof that the husband of the demandant was in possession during the coverture, claiming title, or that he was in receipt of rents from the person in possession, is *prima facie* sufficient evidence of seizin, to warrant a recovery against one whose possession commenced subsequently thereto; and unless impeached or explained, such possession is conclusive evidence of title." Now, conceding that Mrs. Brown, the demandant, is not required "to make strict proof of her husband's title," the proof in the present record falls very far short of each of the illustrations which this author gives. It is not shown that "the defendant is in possession under a conveyance from the husband, or by virtue of a title derived through mesne conveyances from him." There is no attempt to trace a chain of title from the purchaser at

sheriff's sale, down to the defendant. Nor is there proof that Mr. Brown, husband of the demandant, "was in possession during the coverture, claiming title, or that he was in receipt of rents from the person in possession." And, we may add, there is no proof that Rathbone, whose title Brown purchased, had any title to the lands, or had ever been in possession, claiming title. Either of these lines of proof, supplementing the proof found in the record, would have made a *prima facie* case for the demandant. And, we may add, such proof would make a *prima facie* case that the title had been in Mr. Brown as alleged, in any suit affecting the title to the property. In a suit by A against B, it is enough for A to prove that he and B trace title to the same source, and that A's claim is paramount or superior to that of B. Not necessary in that case to prove title in the common source, under whom each litigant claims.—*Pollard v. Cocke*, 19 Ala. 188. So, prior possession, claiming title, or exercising acts of ownership, is good against any one not showing a paramount title, unless barred or estopped under some other principle of law.—1 Brick. Dig. 627, §§ 39, 40; *Ib.* 628, § 54; *Anderson v. Melear*, 56 Ala. 621. The proof of scizin in these cases falls short of each of these requirements.

Dower being allotted by metes and bounds, there was also error in awarding the demandant rents or profits from the death of the husband. · It should have been computed from the filing of the bill. Nor was this a case for allotment by metes and bounds.—*Beavers v. Smith*, 11 Ala. 20; *Slatter v. Meek*, 35 Ala. 528. Dower being demandable, in these cases, of the value of the premises, irrespective of improvements placed there by the purchasers, they fall within the principles declared in *Wood v. Morgan*, 56 Ala. 497.

Reversed and remanded.