# Jackson *et al.* v. Wilson.

*Bill in Equity by Heirs against Sureties on Bond of Administrator of Decedent's Estate to compel the Payment of the Distributive Shares in said Estate.*

1. *Decedent's estate; exemption to widow and children of personal property; when selection unnecessary.*—When the personal property of decedent owned at the time of his death does not exceed one thousand dollars, the amount allowed by statute to the widow and heirs of the deceased (Code of 1886, § 2546; Code of 1896, § 2073), a selection of such property by the widow and heirs is unnecessary to enforce the right of exemption; since in such case, the law, without the doing of any act on the part of the widow and heirs, intervenes and attaches the right of exemption as absolutely and unconditionally as if the particular property had been specifically selected and declared exempt, and invests the absolute and unqualified title thereto in the widow and minor children.

2. *Same; right of homestead exemption; when selection unnecessary.* Where the area and value of a homestead, which was occupied by the decedent at the time of his death, does not exceed the limit allowed by law as exempt, and the homestead is not a part of a larger tract of land, a selection of such homestead by the widow and children of the decedent is unnecessary.

[Jackson et al. v. Wilson ]

3. *Same; liability of surety on administrator's bond.*—A surety on an administrator's bond is liable for conversion, waste or appropriation by the administrator of only such property of the decedent's estate as came into his hands, subject to administration.

4. *Same; same; case at bar.*—Where a decedent at the time of his death owned personal property of the value of five hundred dollars and real estate of the value of one thousand dollars, and upon his death his widow qualifies as administratrix and takes possession of the property of the estate, but it is not shown that the land was ever sold by her for any purpose, upon the death of the administratrix, a bill can not be maintained by the heirs of the decedent against a surety on the bond of the administratrix for an accounting and to be paid the respective distributive shares in the estate of the decedent; it not being shown that the property of the estate had been alienated from the line of descent, or that the administratrix had converted to her own purpose property to which she was not entitled under the exemption law.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. JAMES R. DOWDELL.

The bill in this case was filed by the appellants, the children of Calvin Jackson, deceased, against the appellee, M. H. Wilson, and averred the following facts: Calvin Jackson died intestate in Chambers county in 1882. His widow, Martha T. Jackson, qualified as administratrix on his estate, shortly after his death, with M. H. Wilson, the appellee, as a surety on her administration bond. The administratrix, as is averred, took possession of the assets of her husband's estate, worth, as stated, upwards of $1,200. She died intestate, in 1894, without ever having made any settlement of her administration of her husband's estate. Complainants, who are the only children and heirs of their deceased father, are over the age of twenty-one years, but were each under that age when their father died, and have never received their respective shares of their father's estate.

The prayer of the bill was for an accounting and a decree against the defendant, M. H. Wilson, as surety on the administration bond of their mother, for their respective distributive shares of the estate of their father.

The bill was amended stating that said Calvin Jackson owned at his death, household and kitchen furniture, horses, mules, corn and other plantation supplies, etc., worth about four or five hundred dollars, and a

28

[Jackson *et al.* v. Wilson.]

tract of land worth about $1,000; that no personal property or land was ever claimed by said widow and minor children as exempt from administration, nor was any ever set apart to them as exempt; but all of the property was taken possession of by the widow, as administratrix, and appropriated and converted by her. Administration was taken on her estate in 1897, by R. F. Gilder, and he was made a party defendant.

The bill was demurred to upon the following grounds: "1. The bill fails to show that the intestate, Calvin Jackson, left any estate subject to administration. 2. The bill fails to show that said intestate left any property over and above the homestead and exemptions allowed to the widow and minor children. 3. The bill fails to show that any of the estate of Calvin Jackson was appropriated and converted by Martha T. Jackson as administratrix. 5. The bill fails to show how much land was owned by Calvin Jackson at the time of his death and went into the hands of his said administratrix. 6. The bill fails to show that intestate, Calvin Jackson, left real estate amounting to more than one hundred and sixty acres in area, or two thousand dollars."

Upon the submission of the cause upon the demurrers, the chancellor rendered a decree sustaining them. From this decree the complainants appeal, and assign the rendition thereof as error.

E. M. OLIVER, for appellants, cited *Mitcham v. Moore*, 73 Ala. 542.

ROBINSON & DUKE, *contra.*—On the death of the intestate, the widow and minor children are entitled ot the possession of the homestead and exemptions and are entitled to hold them, use them, and convert them for the maintenance and support of the family, and where the widow is the administratrix there is no necessity for a claim or selection of homestead and exemptions, for the reason that such claim is only made, for the purpose of separating this exempt property from the property of the deceased, which is subject to administration.—*Chandler v. Chandler*, 87 Ala. 301; *Jarrell v. Payne*, 75 Ala. 577; *Mitcham v. Moore*, 73 Ala. 546.

[Jackson *et al.* v. Wilson.]

HARALSON, J.—The right of a widow and minor child or children of a decedent to an exemption of the property specified in the statute,—section 2545 of Code of 1886,—is absolute and unqualified ; and is not, in any event, in anticipation of the distributive share to which either may be entitled on final settlement and distribution of the estate. The additional exemption of personal property provided in the succeeding section, 2546, to the amount of $1,000, is in anticipation of the distributive shares or of legacies, if there be a will. The right and title to that allowed by the first named section above as stated, is, absolute and unqualified in the widow and minor child or children, and the title to it does not vest in the personal representative of the estate. The right and title of that exempted under the last named section is also absolute and unqualified, but it can not ripen into a title to particular property until there is a selection of it, and it is thereby individualized and separated from the mass of the personal property to which the title of the personal representative extends. This is the rule in solvent estates, and in estates where the amount of the property exceeds the exemptions allowed to the widow and the husband's children.— *Mitcham v. Moore,* 73 Ala. 542 ; *Bell v. Hall,* 76 Ala. 548 ; *Little v. McPherson,* 76 Ala. 552.

But if a decedent, at his death, does not own personal property exceeding in value one thousand dollars, there is no room or reason for a selection, to separate and individualize it from any other property of the estate in which the representative would have a title. There would be none of the latter class from which to separate it, and a selection of what there is on hand, would, therefore, be unnecessary. The law intervenes in such cases and attaches the right of exemption as absolutely as if the particular property had been selected, set apart and declared exempt. This would be the case, whether there was administration on the estate or not, and without reference to what person might be the administrator. Administration would be useless in such a case. *Alley v. Daniel,* 75 Ala. 405 ; *Nance v. Nance,* 84 Ala. 375, 378 ; *Chandler v. Chandler,* 87 Ala. 300, 303 ; *James v. Clark,* 89 Ala. 606.

The same rule prevails as to the homestead exemption, where the area and value of the homestead does

not exceed the limit allowed by law as exempt, and it is not a part or parcel of a larger portion of land. A selection is then unnecessary.—*Pollak v. McNeil*, 100 Ala. 203, and authorities there cited.

In this case, the bill shows that the personal property of decedent was only of the value of four or five.hundred dollars. The law appropriated this without any selection to the widow and the minor children, and its retention and appropriation by her for the purposes allowed by the statute, may be said to have been a selection of it by her.

It is also shown that decedent owned a tract of land, whether in the country or town is not shown, worth about $1,000. If it was the homestead, the widow had the right to occupy it, and there was no need of laying formal claim to it as exempt. Moreover, it does not appear that the land was ever sold by the administratrix for any purpose. If not, it remains, descended to the complainants as the only children and heirs of their deceased father.

To maintain this bill, complainants should have shown, that Mrs. Jackson came into the possession of property, and converted to her own purposes, to which she was not entitled under the exemption laws. A surety on an administrator's bond is only liable for property which came to the administrator's hands which was subject to administration. The bill not only fails to make such a case, but it reasonably enough appears, that the very reverse was the case. The demurrer to it was properly sustained.

Affirmed.