(82 South. 527)

TILLEY v. LETCHER.   (3 Div. 386.)

(Supreme Court of Alabama.   June 12, 1919.)

1. TRUSTS ⬥160(2)—FAILURE — WANT OF TRUSTEE.

The maxim that trusts will not be allowed to fail for want of a trustee will be zealously adhered to.

2. TRUSTS ⬥61(2)—DEATH OF TESTAMENTARY TRUSTEE—EFFECT ON TRUST ESTATES.

Where a trustee under a will, certain items of which directed him to hold in trust the shares of testator's daughter and granddaughter in the estate, collecting and applying the income from such shares for their benefit, died while acting in that capacity, such trust estates were not terminated nor were remainders attached to such estates defeated thereby; the powers of such trustee not being personal and discretionary so as not to pass to his successor.

3. TRUSTS ⬥243 — APPOINTMENT OF NEW TRUSTEE—DISCRETIONARY POWERS.

The discretionary powers of a trustee founded in confidence and trust will not pass to a substituted trustee, but such powers and duties which require the exercise of no personal judgment or discretion are attached to the office, and upon the death or removal of the trustee may be exercised by an appointee of the court.

4. TRUSTS ⬥243 — APPOINTMENT OF NEW TRUSTEE—DISCRETIONARY POWERS.

Since a trust cannot be suffered to fail for want of a trustee, the court will appoint a successor, even where the trustee's powers are entirely personal and discretionary and equitable rules will be substituted in place of arbitrary power.

5. TRUSTS ⬥243—MANAGEMENT OF ESTATE—POWER OF SUCCESSIVE TRUSTEES.

Powers granted to a testamentary trustee to use the principal of certain trust estates for carrying out the purposes thereof, should it be necessary, to dispose of any property held thereunder as he might think best, and to sell any property bequeathed or devised by the will as may be necessary in making a fair division, are personal and discretionary powers which cannot be exercised by his successor, but only on authority of the court.

6. DOWER ⬥7—ESTATES SUBJECT TO DOWER —ESTATE IN REMAINDER.

Where one having an undivided interest in an estate in remainder under his father's will died leaving surviving a wife and posthumous child, such estate was not subject to dower in favor of the wife in view of Code 1907, § 3812.

7. DOWER ⬥7—TITLE OF HUSBAND.

Under Code 1907, § 3812, dower attaches only when the husband has been beneficially seized of them in possession at some time during coverture.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Bill by Claudia C. Letcher against Marion Letcher and others to construe a will of F. M. Letcher, deceased. John S. Tilley was appointed guardian for the minors, and from the decree construing the will he appeals. Reversed and remanded in part, and affirmed in part.

Omitting immaterial parts, the will is as follows:

Item 2. I give and bequeath to my stepdaughter, Annie C. Loveless, the sum of five hundred ($500.00) dollars, and direct my executor to pay said sum to the said Annie C. Loveless as soon after the termination of the life estate of Claudia C. Letcher created by the next item as practicable.

Item 3. To my beloved wife, Claudia C. Letcher, I give, bequeath and devise all my property of every kind and character, for and during the term of her natural life, and after her death, I give, bequeath and devise the said property to my children Marion, Julian, Metcalf, Tolbert and Claudia Shackleford, and to my granddaughter Frances Claudia Letcher share and share alike, subject to the conditions and restrictions hereinafter expressed.

Item 4. The share of the said Frances Claudia Shackleford shall be held in trust for her by my son J. T. Letcher until the marriage of said Frances Claudia Letcher. The said J. T. Letcher as such trustee shall use the income accruing from the property held in trust for the said Frances Claudia Letcher for her support, education and maintenance and he is authorized to use the principal for such purposes should it be necessary. In case of the death of the said Frances Claudia Letcher before the termination of this trust, the property held in trust for her shall revert to my children named in item three of this will or their descendants and the trustee shall deliver and distribute the said property to them, share and share alike, provided that the share of Claudia Shackleford shall be held in trust for her as provided in item five of this will.

Item 5. The share of the said Claudia Shackleford shall be held in trust for her by my son J. T. Letcher during the life of the said Claudia Shackleford, and after her death in trust for the children of the said Claudia Shackleford until they shall have become twenty-one years of age. The said J. T. Letcher shall

pay over to the said Claudia Shackleford the income arising from her said property and in case of her death shall use the said income for the support, maintenance and education of her children. He may also use the principal for the support, maintenance and education of the said children if it should be necessary. In case the said Claudia Shackleford should die without surviving children, the said property held in trust for her shall revert to the persons named in item three of this will or their descendants.

Item 6. The trustee authorized and created by items four and five of this will shall have the authority and right to sell, exchange or otherwise dispose of any property held by him in trust under the provisions of items four and five and invest the proceeds in such manner as he may think best. It is the purpose of this provision to permit any particular property to be sold as often as necessary so long as the trustee shall preserve the respective estates created by items four and five. The word children in item five shall be taken to mean children born before and after the execution of this will, and the descendants of any of the said children that may be dead.

Item 7. I nominate and appoint my son J. T. Letcher, executor of this my last will and testament without bond, and I hereby authorize and empower him to sell or otherwise dispose of all or any of the property bequeathed and devised by this will as may be necessary for the purpose of making an equitable and fair division thereof among the devisees thereof.

Frances Claudia Letcher survives unmarried, and Claudia Shackleford also survives with her two children, Frances and Helen. J. T. Letcher qualified as executor of the will, but died while serving in that capacity and while acting as trustee under items 4 and 5 of the will. Upon his death, Claudia C. Letcher, surviving widow of the testator, was appointed and qualified as administratrix cum testamento annexo de bonis non, and she files this bill. The circuit court held that the trusts vested in J. T. Letcher under items 4, 5, and 6 and the powers granted to him as executor under item 7 of the will were personal and confidential and were terminated by the death of said J. T. Letcher, and that no trustee should be appointed in his place; and decreed that the said Claudia Shackleford and Frances Claudia Letcher shall each take their share or interest in the estate of F. M. Letcher absolutely and in fee simple under item 3 of said will, free of any and all other conditions, restrictions, or limitations expressed in items 4, 5, and 6 of the will. It was also decreed, among other things, that the undivided interest of said J. T. Letcher in the estate in remainder now descended to his infant child, Lillian, was subject to dower in favor of his surviving widow.

Tilley & Elmore, of Montgomery, for appellant.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

SOMERVILLE, J. [1] Courts of equity adhere zealously to the maxim that trusts are not to be allowed to fail for want of a trustee. Blakeney v. Du Bose, 167 Ala. 627, 52 South. 746; Whitehead v. Whitehead, 142 Ala. 165, 37 South. 929; 2 Perry on Trusts, §§ 510, 513.

[2, 3] The learned trial court was in error in holding that the death of the trustee, J. T. Letcher, terminated the trust estates created by items 4 and 5 of the will, and defeated the remainders attached thereto. The personal and discretionary powers of the trustee, founded in confidence and trust, will not pass to a substituted trustee; but those powers and duties which demand for their exercise no personal judgment or discretion are held to be attached to the office, and, upon the death or removal of the testamentary trustee, may be executed by an appointee of the court. Hinson v. Williamson, 74 Ala. 180; Weiland v. Townsend, 33 N. J. Eq. 395; Whitaker v. McDowell, 82 Conn. 195, 72 Atl. 938, 16 Ann. Cas. 324, and note, 325–332; 21 R. C. L. 789, § 20.

[4] And even where the trustee's powers are entirely discretionary and personal, "the court will not suffer the trust to fail for want of a trustee, and it will therefore appoint a successor, substituting equitable rules in the place of arbitrary power." Weiland v. Townsend, 33 N. J. Eq. 395; 2 Perry on Trusts, § 513.

[5] We think it is clear that the trusts vested in the testamentary trustee by items 4 and 5 of the will must survive, and that a new trustee should be appointed to hold and administer the trusts by caring for the estates, and collecting and applying the incomes as directed. Edwards v. Edwards, 142 Ala. 267, 39 South. 82. But it is also clear that the power "to use the principal," as declared in those items, is personal and discretionary, and can be exercised only under the authority of the court, duly sought and obtained.

The powers granted to the trustee by item 6 of the will are also discretionary, and manifestly founded upon personal trust and confidence, and cannot be exercised by a successor.

The powers of sale and division granted to the executor in item 7 are of the same character and cannot be exercised by the administratrix c. t. a. de bonis non. Robinson v. Allison, 74 Ala. 254, 258. It results, of course, that the agreement of the several beneficiaries under the will for an appraisal of the properties of the estate, looking to such a sale and division, was rendered abortive and of no effect by the premature death of the testamentary executor.

As to the several discretionary powers above referred to, the rulings of the trial court were correct.

[6, 7] There was error, however, in holding

that the estate in remainder of J. T. Letcher is subject to dower in favor of his surviving widow, as against the right of the posthumous child, to whom, as correctly held, the estate descended in derogation of the will devising it to the widow. Dower attaches to legal estates only when the husband has been beneficially seized of them in possession at some time during coverture. It does not attach to estates in remainder or reversion. King v. King, 61 Ala. 479, 481; Steele v. Brown, 70 Ala. 235; Code 1907, § 3812. In this respect our statute has not changed the common law. 14 Cyc. 891, 892.

The decree of the circuit court will be reversed and remanded for correction in the two particulars pointed out, and in all other respects it will be affirmed.

Reversed and remanded in part for correction in accordance with this opinion, and affirmed in part.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.