(133 So. 281)

### EISENBERG v. STEIN.

#### 6 Div. 733.

Supreme Court of Alabama.

March 12, 1931.

Rehearing Denied April 9, 1931.

Jim Gibson, of Birmingham, for appellant.

Silberman & Davis, W. H. Smith, and Kelly & Kelly, all of Birmingham, for appellee.

578

**THOMAS, J.**

The appeal challenges the sustaining of demurrer to the bill as amended.

The two grounds assigned were "There is no equity in the bill;" and that it is shown by the bill "that the right of action is barred by the statute of limitations of three years under section 7450 of the Code of 1923." The bar of the statute or laches, if disclosed by a bill, may be availed of by demurrer. Wood v. Master Schools, Inc., 221 Ala. 645, 130 So. 178; Hamilton v. Watson, 215 Ala. 550, 112 So. 115. And a respondent may incorporate demurrers in his answer. Section 6547, Code; Baggett Co. v. Vickery, 213 Ala. 427, 105 So. 207; Harland v. Person, 93 Ala. 273, 9 So. 379; Chapman v. Hamilton, 19 Ala. 121.

It is further established that on demurrer all pleadings are construed against the pleader, and, when susceptible of two reasonable constructions, the allegations of the bill, if equivocal, are construed most strongly against the pleader. City Council of Montgomery v. Hughes, 65 Ala. 201; Tennessee Coal, Iron & R. Co. v. Wilhite, 211 Ala. 197, 100 So. 135.

Beneficial seizure of land in possession or in which another was seized in fee for him during marriage, or in which he had a perfect equity therein, by the husband during coverture, and the death of the husband while the marriage relation exists (Hinson v. Bush, 84 Ala. 368, 4 So. 410), is essential to the consummation of the right of dower. Sections 7427, 7431, Code; People's Bank of Red Level v. Barrow & Wiggins, 208 Ala. 433, 94 So. 600; Steele v. Brown, 70 Ala. 235; King v. King, 61 Ala. 479, 481; Tilley v. Letcher, 203 Ala. 277, 82 So. 527; Ray v. Farrow, 211 Ala. 445, 100 So. 868; Martin v. Martin, 22 Ala. 86; Coke Litt. 30 A; 10 Am. & Eng. Ency. L. (2d Ed.) p. 128.

All claims for dower in lands aliened by the husband must be commenced within three years after the death of the husband. Section 7450, Code. There being no presumption as to the time of death after an absence of seven years, the burden of proof as to the fact and time of death rests upon him who asserts the fact. In Kyser v. McGlinn, 207 Ala. 82, 92 So. 13, this court observed that, where the family of supposed deceased "had no intelligence concerning him since 1903, the presumption will be indulged that he has been dead since 1910." 17 C. J. 1168; Smith v. Smith, 49 Ala. 156; Modern Woodmen v. Ghromley, 41 Okl. 532, 139 P. 306, L. R. A. 1915B, 728, Ann. Cases 1915C, 1063.

In Security Bank v. Equitable L. Ass'n Soc. of U. S., 112 Va. 462, 467, 71 S. E. 647, 35 L. R. A. (N. S.) 159, Ann. Cas. 1913B, 836, and Hancock v. Am. L. Ins. Co., 62 Mo. 26, are the observations that, while the law presumes that a person that has left home, and not been heard from for seven years, has died at some period after his disappearance, yet the presumption of death only arises at the end of the seven years, but there is no presumption of law as to the particular time of death within the period of seven years, or that he was living at any particular time during said period; that the burden is on the pleader and party asserting the claim to prove the fact by testimony that is satisfactory. 17 C. J. 1174, § 18J.

The averments of the bill fail to disclose on the face thereof any bar of the statute. And the ruling of the trial court was in error, and that judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.