187 So. 488

### NATIONAL LIFE & ACCIDENT INS. CO. v. RUFFIN.

#### 6 Div. 454.

Supreme Court of Alabama.

March 16, 1939.

Wm. A. Jacobs, of Birmingham, for appellant.

· Paul G. Parsons, of Birmingham, for appellee.

BOULDIN, Justice.

Action on policy of life insurance to recover a death benefit.

The case turned on the sufficiency of proof of death.

The plaintiff relied upon the presumption of death arising from seven years' unexplained absence of the insured without information, etc.

The sufficiency of the evidence to raise such presumption, and in one aspect, the evidence of death within the seven year period, are the vital questions on this appeal.

Plaintiff's evidence tended to show that the insured, Merrett Goodrich, appeared in Birmingham in 1926. He was twenty-nine years of age, unmarried, and engaged as a laborer in building and other construction jobs when and where such employment was found.

In April, 1926, he took out this policy, carried by a weekly premium of 40 cents, with death benefit of $112 and certain disability benefits. Katie Saffold, with whom he was boarding at the time, was named as beneficiary.

Later he went to board with Mary Ruffin, this plaintiff, and in March, 1927, by appropriate change, named her the beneficiary.

In the summer or early autumn of 1927, the insured left Birmingham and has not since been seen nor heard from.

He and plaintiff were no more than friends. She had loaned him money at times. He told her he was going away to seek better employment; was going to Detroit to seek employment in the Ford Plant. He promised to write her. She wrote him twice, a few months after he left, addressing the letters to Detroit. They were returned unclaimed. On leaving he carried his belongings in a suit case. He told plaintiff he was born in Tennessee.

The above facts were disclosed in answers to a questionnaire styled "Declaration of Disappearance" sent to plaintiff by the defendant in 1936, after she had given notice of her claim by letter.

On receipt of this proof the insurer advised plaintiff it was deemed insufficient to raise a presumption of death, and declined payment. A plea in abatement was filed setting up a failure of proof of death. The trial court gave the affirmative charge for plaintiff on this issue. The sufficiency of proof of death through documentary evidence is for the court.

Furnishing the insurer with proof of death being essential to the maturity of any right of action on the policy, the question of the sufficiency of such proof in cases of this character becomes important.

In cases where death is known a substantial compliance with the stipulations of the policy bringing home to the insurer the fact of death is deemed sufficient. Equitable Life Assur. Soc. v. Foster, 230 Ala. 209, 160 So. 117; Equitable Life Assur. Soc. v. Dorriety, 229 Ala. 352, 157 So. 59.

Where, as here, reliance is had upon the presumption of death from seven years' absence, like principles obtain. Proof should be presented in substance and effect, which, if presented by legal evidence in court, would raise a prima facie presumption of death, and cast upon the insurer the burden of going forward with the evidence. There is no duty on the insurer to make independent investigation on this line. He should be furnished evidence, which, taken to be true, shows an obligation to pay. We are of opinion the court erred in holding the proof of death sufficient.

The legal principles touching the presumption of death are discussed later in this opinion.

Further facts developed on the trial were to the effect that plaintiff kept up the policy until February, 1933, at which time it lapsed.

Assuming for the present that the evidence on the trial made a jury case on the presumption of death, the lapse of the policy during the seven year period worked a forfeiture of the death benefit unless death be shown to have intervened before the lapse of the policy.

By the weight of authority, followed by our own decisions, the presumption of death from seven years' absence, goes no further than to presume death on and after the expiration of seven years. There is no presumption of death at any time within the seven year period. Any one asserting rights dependent upon death intervening short of seven years carries the burden of proof. Eisenberg v. Stein, 222 Ala. 576, 133 So. 281; Kyser v. McGlinn, 207 Ala. 82, 92 So. 13; Reid v. State, 168 Ala. 118, 53 So. 254; 16 Am. Jur. p. 30, § 35.

Here there was no evidence tending to show death intervened at any time within

seven years. It follows that, in any event, the right of recovery was limited to the paid up value of the policy $18.40, and the court was in error in refusing charges so limiting the recovery.

 Coming to the question of the sufficiency of the evidence on the trial to raise a presumption of death by reason of seven years' absence, we note there was evidence tending to show inquiry was made of the Health Department in Detroit. Notices were inserted in the Birmingham News and the Detroit Free Press requesting information touching the whereabouts or death of the insured. All this, without result.

Under the evidence the insured was a temporary resident or sojourner in Birmingham. He established no home, acquired no property of value. It appears he left an old suitcase and suit of clothes. He had no ties of kindred in Birmingham or Detroit so far as appears. Whether he ever went to Detroit or with what result is unknown. His birth place, presumably his residence until another was acquired, was in Tennessee, otherwise unknown. His kindred, if any, were in Tennessee, so far as appears.

The occasion and manner of his leaving Birmingham did not contemplate any return, so far as appears. His friendship with this plaintiff was not maintained, but ignored by failure to write her as promised.

The presumption of death, rebuttable always, does not arise in the first instance in the absence of the conditions upon which it is based. It requires more than mere absence.

In 16 American Jurisprudence under the general title "Death," appears quite a full discussion of the Presumption of Death from seven years' absence.

Under a subheading "Prerequisites of Presumption," the text reads: "Absence from Residence.—It is generally held that the presumption of death based upon seven years' absence does not arise unless the absence is from the absentee's place of residence. The courts, in stating the rule, frequently speak of the absence of the absentee from his 'home' or 'place of residence,' or 'usual place of abode or resort.' The mere absence of a person from a place where his relatives reside, not his own residence, is not sufficient to satisfy this condition. If a person removes from his

domicil to establish a home for himself in another state or country, at a place well known, such removal is a change of residence only, and absence from the former domicil does not raise a presumption of death."

Among the authorities cited in notes to this text, we find the following pertinent to our present inquiry: Policemen's Benev. Ass'n v. Ryce, 213 Ill. 9, 72 N.E. 764, 104 Am.St.Rep. 190, with note page 198; Marquet v. Ætna Life Ins. Co., 128 Tenn. 213, 159 S.W. 733, L.R.A.1915B, 749, Ann.Cas. 1915B, 677; Davie v. Briggs, 97 U.S. 628, 24 L.Ed. 1086; Note, Ann.Cas.1918D, 758 et seq.; Note, L.R.A.1915B, 741.

Without considering all the expressions in the text above copied, and limiting our decision to the case in hand, we are of opinion the evidence presented failed to raise the presumption of death. The defendant was due the general affirmative charge as requested.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.