53 So.2d 723

**JACKSON et al. v. HUBBARD et al.**

**5 Div. 490.**

Supreme Court of Alabama.

March 15, 1951.

Rehearing Granted June 30, 1951.

Lawrence K. Andrews, Union Springs, and Walker & Walker, Opelika, for appellants.

A. A. Carmichael, Atty. Gen., amicus curiae.

Borden Burr, Frontis H. Moore and Benners, Burr, Stokely & McKamy, Birmingham, and L. J. Tyner, Opelika, for appellees.

LAWSON, Justice.

On December 16, 1947, the Water Works Board of the City of Auburn was incorporated in accordance with the provisions of §§ 394–402, Title 37, Code 1940, as amended. It will hereafter be referred to as the corporation.

Several weeks thereafter on, to wit, January 6, 1948, the governing body of the city of Auburn, its mayor and council, acting under the provisions of § 397, Title 37, Code 1940, as amended, appointed H. R. Hubbard, Charles S. Rush, and B. Conn Anderson as members of the board of directors of the corporation. Section 397, Title 37, Code 1940, as amended, reads as follows: "Each corporation formed under this article shall have a board of directors which shall constitute the governing body of the corporation, which board shall consist of three members who shall serve without compensation, except they shall be reimbursed for actual expenses incurred in and about the performance of their duties hereunder, and, at the discretion of the board of directors, they may be paid a director's fee of $10.00 for each directors' meeting attended by them not exceeding one meeting during each calendar month. No member of the board of directors shall be an officer of the municipality. The directors of the corporation shall be elected by the governing body of the municipality, and they shall be so elected that they shall hold office for staggered terms. The first term of office of one director shall be two years, of another director shall be four years, and of the third director shall be six years, as shall be designated at the time of their election, and thereafter the term of office of each director shall be six years. Provided, that with respect to corporations heretofore organized under this article their directors shall continue to hold office for the terms for which they were elected and at the expiration of such terms their successors shall be elected for staggered terms in accordance with the provisions of this section."

Hubbard was appointed for a six-year term, Rush for a four-year term, and Anderson for a two-year term. After their appointment, they immediately entered upon the performance of their duties as the governing body of the corporation.

Upon the formation of the corporation, the city of Auburn conveyed its water works system to the corporation.

On February 1, 1948, the corporation, acting through its governing body, its board of directors, executed a bond issue in the amount of $600,000 with the Birmingham Trust National Bank of Birmingham as trustee. The loan is secured by a mortgage on the water works system and is payable solely from the revenues of the corporation. The mortgage debt is payable serially and will not be completely paid until February 1, 1978.

On May 4, 1948, an election was held in the city of Auburn under the provisions of Article 1, Chapter 4, Title 37, Code 1940, to determine whether the form of government of the city should be changed from the aldermanic form to the commission form or plan. The change in the form of government was approved by the electorate.

As of July 20, 1948, G. H. Wright, T. A. Sims, and W. H. Ham were elected as city commissioners. They qualified and have continued to serve in that capacity.

Thereafter, on January 3, 1950, the city commissioners above named, acting as the governing body of the city of Auburn, adopted a resolution purporting to remove Hubbard, Rush, and Anderson as members of the board of directors of the corporation and to appoint as members of the board of directors R. C. Jackson for a six-year term, Herbert Benson for a four-year term, and J. B. Hitchcock for a two-year term.

After such action was taken by the city commission of the city of Auburn, Hubbard, Rush and Anderson instituted this proceeding in the circuit court of Lee County, in equity, against Jackson, Benson and Hitchcock.

The complainants allege in their bill that the action of the city commission of the city of Auburn, taken on January 3, 1950, purporting to remove complainants from the board of directors of the corporation and to appoint the respondents as their successors, was illegal, without authority of

law, and is a mere nullity. It is alleged in the bill that complainants are the only legal members of the board of directors of the corporation and that since their appointment on January 6, 1948, they have continued to discharge the duties and obligations imposed upon them by law. But it is averred that respondents are vexing, harassing and interfering with complainants in the exercise of their duties as members of the board of directors of the corporation; that because of the dispute which exists between complainants and respondents, the corporation is faced with irreparable damage unless prompt declaration by judgment is made as to whether complainants or respondents constitute and are the legal members of the corporation and unless, in the meantime, there is issued against respondents and each of them a temporary injunction enjoining them, their agents and representatives, from in any way interfering with the administration of the affairs of the corporation by complainants and authorizing and directing complainants to continue in the customary administration of such affairs pending the rendition of the declaratory judgment prayed for.

The prayer of the bill was in substance that the court render a declaratory judgment, declaring that complainants and not respondents are the lawful and rightful members of the board of directors of the corporation and that complainants are entitled to continue as such during the time for which they were appointed. The bill also prays that pending the declaratory judgment that a temporary injunction be issued enjoining respondents from in any way interfering with the exercise by complainants of the control and management of the corporation and that, upon final hearing, the temporary injunction be made permanent.

Upon the filing of the bill, the court set a time for hearing the application for injunction. Counsel for respondents, being present at the time such order was entered, waived formal notice and consented that the hearing be held at the time fixed.

On the day set for the hearing, the respondents filed their sworn answer and incorporated therein their demurrer to the bill of complaint. It is settled that demurrer to a bill of complaint may be incorporated in the answer at any time before final decree. Eisenberg v. Stein, 222 Ala. 576, 133 So. 281; Baggett Mercantile Co. v. Vickery, 213 Ala. 427, 105 So. 207; Wells v. Wells, 252 Ala. 390, 41 So.2d 564.

The answer of the respondents admitted the averments of the bill of complaint except as hereafter pointed out. The answer averred: "The respondents aver that by reason of said change in the form of municipal government of the City of Auburn, which change was effected under Article 1 of Chapter 4 of Title 37 of the Code of Alabama, 1940, the theretofore existing Board of Directors of The Water Works Board of the City of Auburn, consisting of the complainants was abolished. If the complainants continued to serve as said directors, they served merely as a de facto board until their successors were appointed by the City Commissioners. The respondents admit that on January 3, 1950, the City Commission of the City of Auburn adopted a resolution purporting to remove the complainants as members of the Board of Directors of The Water Works Board of the City of Auburn (they having in fact been removed by operation of law as above stated) and appointing your respondents as members of such Board of Directors but they deny that the action of said Commission was illegal, without authority of law and a mere nullity, but, to the contrary, aver that the action of said City Commission was lawful and legal in all respects and was certainly lawful and legal in respect to the appointment of your respondents as members of said board and that as a result of such action on the part of the City Commission, respondents constitute the duly appointed and lawful members of the Board of Directors of The Water Works Board of the City of Auburn; and respondents deny that the complainants or any of the complainants are members of said Board of Directors."

Respondents denied that they were vexing, harassing and interfering with complainants in the exercise of their duties and aver in effect that complainants, since the date of the appointment of respondents,

**118**

have had no duties to perform in connection with the corporation and that the duties imposed by law upon the Board of Directors of the corporation have been performed by respondents since the date of their appointment.

The cause was submitted on the bill of complaint, demurrer, answer and affidavits of the parties.

Two decrees were rendered. In one the trial court overruled the demurrer of respondents. In the other the trial court granted the temporary injunction as prayed. From such decrees the respondents below appealed to this court.

In our original opinion, we held certain grounds of demurrer were well taken. We reversed the decree overruling the demurrer and rendered a decree here sustaining the demurrer. The decree granting the temporary injunction was also reversed. In the original opinion we did not write to the question of whether the averments of the bill were sufficient to show that appellees, complainants below, were the legal members of the board of directors of the corporation.

Application for rehearing was filed. The certificate of reversal was withdrawn and the temporary injunction reinstated pending decision on the application for rehearing.

Appellants join with appellees, who made the application for rehearing, in requesting that all procedural questions be ignored and that a decision be rendered on the question of whether under the averments of the bill it is made to appear that complainants below, appellees here, are the legal members of the board of directors of the corporation and therefore entitled to have the respondents enjoined from interfering with them in the performance of their duties. All interested parties seem to be in accord with this request. In view of the public interest, we have acceded to this request. The application for rehearing is granted, the judgment of reversal set aside, and the original opinion is withdrawn.

We will treat this appeal as presenting the one question which, as before indicated, all interested parties seek to have decided.

Appellants, respondents below, do not contend that appellees, complainants below, were not duly and legally appointed as members of the board of directors of the corporation by the governing body in existence at the time of their appointment, or that such governing body could have removed appellees before the expiration of the period for which they were appointed. Nor is it contended that appellees, complainants below, had served out the full period for which they had been appointed when on January 3, 1950, the newly-created city commission sought to remove appellees and appoint appellants.

It is the insistence of appellants, respondents below, that when the city of Auburn changed from the mayor and council form of government to the commission form of government, the board of directors of the corporation was abolished by operation of law by virtue of the provisions of §§ 45 and 96, Title 37, Code 1940, which sections read as follows:

"§ 45. *Board of commissioners; powers of.*—The commissioners of such city, to be known as the board of commissioners of such city, shall have, possess and exercise all the powers and authority, legislative, executive, and judicial, possessed and exercised by the mayor and board of aldermen and board of police commissioners, and any and all other boards (except board of education), commissions and officers of said city of any and every sort whatsoever; and all such boards, commissions and officers (except those provided for by this article) shall then and thereby be abolished and the terms of office of any and all such officers or officials shall then and thereby cease, except boards of education. Such city shall continue its existence as a body corporate under the name of 'City of ————.' (inserting the name of such city). It shall continue to be subject to all the duties and obligations then pertaining to or incumbent upon it as a municipal corporation, and shall continue to enjoy all the rights, immunities, powers, and franchises then enjoyed by it, as well as those that may thereafter be granted to it."

" § 96. *Powers and duties of commissioners.*—The commissioners of such city, to be

known as the board of commissioners of such city, shall have, possess and exercise all the powers and authority, legislative, executive and judicial, theretofore possessed by the mayor, or governing body or bodies of said city, by whatsoever name called, all boards of public works, boards of police commissioners and any and all other boards and commissions, except school boards and other commissions and boards having in charge educational matters. All boards and commissions whose powers are hereby conferred upon such new commissions shall stand abolished upon the organization of such new commission. Such city shall continue its existence as a body corporate without change of name, and shall continue to be subject to all the duties and obligations then pertaining to or incumbent upon it as a municipal corporation, and shall continue to enjoy all the rights, immunities, powers, franchises then enjoyed by it, as well as those that may hereafter be granted to it. All laws governing such city and not inconsistent with the provisions of this article shall apply to and govern said city after it shall become organized under the commission form of government provided by this article. All by-laws, ordinances and resolutions lawfully passed and in force in any such city under its former organization shall remain in force until altered or repealed according to the provisions of this article. The territorial limits of such city shall remain the same as under its former organization, but all commissioners shall be elected from the city at large. All rights, powers, and property of every description which were vested in it shall vest in it under the organization herein provided for as though there had been no change in the organization of said city; and no right or liability, either in favor of or against it, and no suit or prosecution of any kind shall be affected by such change, unless otherwise expressly provided for by the terms of this article."

The provisions of law now codified as §§ 45 and 96, Title 37, Code 1940, have been a part of our statutory law since 1911. The legislature first authorized the incorporation of municipal water works boards in 1937. General Acts, Extra Session, 1936–37, p. 274. The provisions of such act, with certain changes, have been codified as Article 5, Chapter 7, Title 37, Code 1940.

We think the question here is one of legislative intent. Did the legislature intend that the provisions of § 397, Title 37, Code 1940, should no longer be operative when a municipality in which a water works board has been created changes its form of government from the mayor and council form to the city commission form of government? We think not.

It is to be noted that appellants, respondents below, do not contend that because of the change in the form of government the corporation itself has been abolished. It is the board of directors of the corporation which they contend has been abolished. The corporation must function. It must have a governing body. If the board of directors has been abolished, then who are to constitute the governing body of the corporation? If §§ 45 and 96, Title 37, Code 1940, are said to abolish the board of directors, then the other provisions of those sections must have application and those sections in effect provide that all the powers and authority, legislative, executive and judicial, possessed and exercised by the abolished boards shall be vested in the board of commissioners of the city. So if §§ 45 and 96, Title 37, Code 1940, are held to have operated as a matter of law to abolish the original board of directors of the corporation, then it must follow that the board of commissioners of the city of Auburn is now the board of directors of the corporation. Certainly it cannot be said that §§ 45 and 96, Title 37, supra, merely give the board of commissioners the authority to remove incumbents from existing boards and to replace them on such boards with other individuals and, of course, nothing can be found in those sections which authorizes the board of commissioners to create other boards in lieu of those abolished.

We are convinced it was the legislative intent that under no circumstances should an officer of a municipality be a member of the board of directors of a

municipal water works corporation such as that here involved or perform the duties of a member of a board of directors of such a corporation.

At the time the water works board law was passed, the legislature was cognizant of the fact that under the laws of this state some municipalities had a commission form of government and others a mayor and council. Yet the prohibition against officers of the governing body serving as members of the board of directors of such a corporation was made to apply to all types of municipal governing bodies. The prohibition was not limited to mayor and councilmen. If a water works corporation is organized in a municipality having a mayor and councilmen, such officers cannot serve as members of the board of directors. Likewise, where such a corporation is formed for a municipality having a commission form of government, the commissioners are not eligible to be on the board of directors. We do not understand appellants, respondents below, to contend to the contrary. Certainly it would be an anomaly to hold that the legislature intended that while neither a mayor nor any member of the city council could serve as a member of the board of directors of the water works board organized for their city, yet if the city changes its government to that of the commission form, the members of the city commission would in effect become the board of directors of the corporation. The reason for the prohibition is present regardless of the form of government and irrespective of a change in the form of government.

We can find nothing in the laws relating to the formation and operation of such a corporation that evinces a legislative intent that the board of directors do not have a fixed term. Originally the members of the board of directors held office concurrently with the mayor or other chief official of the city; but in 1943 the legislature amended § 397, Title 37, Code 1940, so as to provide for fixed and staggered terms. The pertinent provisions of the 1943 amendment read as follows: "* * No member of the board of directors shall be an officer of the municipality. The di-

rectors of the corporation shall be elected by the governing body of the municipality, and they shall be so elected that they shall hold office for staggered terms. The first term of office of one director shall be two years, of another director shall be four years, and of the third director shall be six years, as shall be designated at the time of their election, and thereafter the term of office of each director shall be six years. Provided, that with respect to corporations heretofore organized under this article their directors shall continue to hold office for the terms for which they were elected and at the expiration of such terms their successors shall be elected for staggered terms in accordance with the provisions of this section."

The change made by the legislature in 1943, providing for staggered terms, seems to us to indicate a clear legislative intent to make free from any doubt the permanency and independence of the status of the members of the board of directors. If the legislature had intended that the terms of the members of the board of directors should end upon the city's adopting a commission form of government, it would not have so carefully provided that those in office should complete the terms for which they were appointed.

We agree with counsel for appellants, respondents below, that the supplying of water to a city and its inhabitants is a municipal function and that the Water Works Board of the City of Auburn is in that sence an agency of the city. But we cannot agree that it was the legislative intent that the board of directors of a water works board be construed as that character of board which is abolished upon the adoption of a commission form of government.

We recognize the fact that the conclusion we have reached is not in accord with the holding of the Supreme Court of New Jersey in Stark v. Fell, 124 N.J.L. 475, 12 A.2d 706. We entertain the highest respect for that court, but we cannot agree with its holding in Stark v. Fell, supra.

We hold, therefore, that appellees, complainants below, at the time of the filing of this suit were members of the board of

directors of the Water Works Board of the City of Auburn. They were entitled to the injunction which was issued under decree of the trial court.

The application for rehearing is granted, the judgment of reversal is set aside, and the decrees appealed from are affirmed.

Affirmed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.