69 So.2d 698

### QUICKSEY v. HALL et al.

2 Div. 327.

Supreme Court of Alabama.

Jan. 14, 1954.

McEniry, McEniry & McEniry, Bessemer, for appellant.

David M. Hall, Eutaw, for appellees.

164

CLAYTON, Justice.

David M. Hall, as administrator of the estate of Taft D. Horton, filed a bill of complaint in the circuit court of Greene County, Alabama, in equity, against the heirs at law and next of kin of Taft D. Horton, praying the court to order the respondents to show their relationships and the interest that each claimed in and to the estate of Taft D. Horton. He further prayed the court to enter a decree declaring the interest of each respondent in and to said estate. He alleged that the assets of the estate in his hands consisted of the sum of $25.28, received by him from L. H. Montgomery, Probate Judge of Greene County, Alabama, as the distributive share of said Taft D. Horton in the estate of D. H. Horton, deceased, who was the father of Taft D. Horton, and that he had received the sum of $3,531.34 from J. C. Coleman, as Register of the Circuit Court of Greene County, Alabama, as the share of said Taft D. Horton from the sale of real estate by said court.

The respondent, Willie Mae Horton Quicksey, filed an answer and cross-bill alleging that she was the wife of Taft D. Horton and that he had no children, and prayed that the court in its final decree in said cause would declare her to be entitled to said sums of money set out in the bill of complaint.

Other respondents to the original bill are the sister and nieces of Taft D. Horton.

A decree was rendered in the circuit court of Greene County on June 5, 1953, after testimony was taken ore tenus in open court, that Taft D. Horton is presumed to have died in 1937; that at the time of his death he owned an undivided one-fourth interest in 200 acres of land in Greene County, Alabama, which he inherited from his father, D. H. Horton; that said land was not the homestead of Taft D. Horton; that subject to the dower rights of Willie Mae Horton Quicksey, the interest of Taft D. Horton in and to said lands descended to the, sister and nieces of Taft D. Horton. The decree further declared that the dower rights of Willie Mae Horton Quicksey in said lands were barred by the provisions of Tit. 34, § 63 of the Code of 1940, because not claimed within ten years of his death and, therefore, waived; that the personal property of the estate of Taft D. Horton was insufficient to defray the expenses of administration of said estate, and that, on this account, Willie Mae Horton Quicksey had no interest or claim in the said $25.28. The decree further provided for the payment of costs and attorney's fee, and for the distribution of the balance of the money in the hands of the administrator to the sister and nieces according to their respective interests set out in the decree.

The theory of appellant's case in the trial court was that, as the widow of Taft D. Horton, she is entitled, under the law of descent and distribution, there being no children of Taft D. Horton, to the sums of money described above for the reason that the money is personal property in the hands of the administrator. She contends that Taft D. Horton is presumed to have continued in life until the probate court of Greene County, Alabama, on September 12, 1952, in its proceedings to appoint an administrator on his estate, decreed that Taft D. Horton was presumed to be dead. That decree fixed no date of Taft D. Horton's death, and appellant contends that the date of the probate decree should be held to be the date of his presumed death. Her further contention is that the real estate, having been sold on February 11, 1952, was by equitable conversion changed into personal property at a date preceding the decree of the probate court, and the date of presumed death of Taft D. Horton.

If appellant's contentions should be upheld, in their entirety, she would be the proper person to receive the money mentioned above. Tit. 16, § 10, Code of 1940. Her marriage to Quicksey does not work a forfeiture of her rights under this statute. Nolan v. Doss, 133 Ala. 259, 31 So. 969.

However, we are unable to agree with appellant's position in this regard. The Code sections cited by appellant, Tit. 61, §§ 156–164, Code of Alabama 1940, deal with the appointment of administrators of persons presumed to be dead. They do not change the well-established rule that a person absent for seven years from the place of his last domicile without word from him, or about him, to members of his family is presumed dead at the end of such seven years of absence. Kyser v. McGlinn, 207 Ala. 82, 92 So. 13; Eisenberg v. Stein, 222 Ala. 576, 133 So. 281; Walker v. Walker, 218 Ala. 16, 117 So. 472; National Life & Accident Ins. Co. v. Ruffin, 237 Ala. 401, 187 So. 488. Many witnesses testified that Taft D. Horton had not been heard from in more than twenty years, one of whom, a niece, testified that she had not seen nor heard from him since his father's death on January 12, 1930. Appellant remarried in 1934, according to her testimony. Her testimony in regard to the time of the disappearance of Taft D. Horton was, in substance, that he disappeared about the year 1933, but she was not positive in her testimony and admitted that she did not know. After hearing all the testimony, the court found that Taft Horton disappeared in 1930, and was presumed dead in 1937. There was evidence to support its finding in this regard, and there is a presumption of its correctness. Higgins v. Higgins, 222 Ala. 44, 130 So. 677; McNaron v. McNaron, 210 Ala. 687, 99 So. 116.

In view of the foregoing, we find that the death of Taft Horton occurred at a time when he owned certain interests in real estate, from the sale of which $3,531.34 was received. This descended to the sister and nieces of Taft D. Horton, subject to payment of debts, charges, and widow's dower. Tit. 16, § 1, Code of 1940. More than ten years having elapsed since the date of the presumed death of Taft D. Horton, the trial court correctly ruled that the widow's cross-bill came too late, if it be considered as a petition for allotment of dower. Tit. 34, § 63, Code of 1940. Leddon v. Strickland, 218 Ala. 436, 439, 118 So. 651. One further question remains as to the money received from the sale of the real estate. Appellant urges on appeal that her cross-bill should be considered as a proceeding to obtain an exemption in lieu of homestead, but the cross-bill does not aver that Taft Horton did not own a homestead, or other property out of which a homestead might be carved, nor was there any testimony to this effect. This defect renders the cross-bill ineffective as a petition or bill for exemption in lieu of homestead. Tit. 7, § 662, Code of 1940. This court has held that in proceedings to obtain exemption in lieu of homestead: "Appellant assumes the burden of showing that her deceased husband at the time of his death had no other real estate out of which an exemption for homestead could be carved. That is one of the jurisdictional facts essential to an allowance of exemption in lieu of homestead." Smith v. Albert, 247 Ala. 520, 25 So.2d 382, 384. Appellant did not carry that burden in the trial court.

We must hold that insofar as the proceeds of sale of the real estate are concerned, the trial court was correct in its ruling.

For consideration, there remains the $25.-28 in the hands of the administrator as personal property of the decedent. If it should be held that appellant is entitled to receive this sum, under the statute of descent and distribution, Tit. 16, § 10, Code of 1940, the costs of administration would absorb it and this case would be ended. But we may not overlook the provisions of Tit. 7, § 665, Code of 1940, Section 7922 of the Code of 1923, which provides:

"Sec. 665. (7922) (4200) (2073) (2546) (2825) Additional personal property exempt.—In favor of such widow and minor child or children, or either, there shall also be exempt from administration and the payment of such debts, personal property belonging to such decedent at the time of his death, to the amount of one thousand dollars in value, to be selected and set apart for them; and any of such children, on leaving the family, shall be entitled to an equal share of the property so exempt, and then on hand."

A reasonable inference from the proceedings and the evidence, although not clearly so stated in any place, is that the only personal property owned by Taft D. Horton at

his death was this $25.28, it being his share of the personal property distributed from the estate of his father, D. H. Horton. Appellant's cross-bill prayed for a decree to the effect that "she is entitled" to the sums of money described in Section 3 of the original bill; and the $25.28 was there described.

This court said, in the case of Jackson v. Wilson, 117 Ala. 432, 435, 23 So. 521, 522, Mr. Justice Haralson speaking for the court:

"But if a decedent, at his death, does not own personal property exceeding in value $1,000, there is no room or reason for a selection, * * *. The law intervenes in such cases and attaches the right of exemption as absolutely as if the particular property had been selected, set apart and declared exempt. * * *"

Likewise, it was said in the case of Phillips v. First Nat. Bank, 208 Ala. 589, 591, 94 So. 801, 802: "In such a case, as several times held by this court, the right and title to all of the personal estate vests absolutely in the widow, and she is the proper party to take it, or to reduce it to possession by suit, if necessary. Jackson v. Wilson, 117 Ala. 432, 23 So. 521; Snead v. Scott, 182 Ala. 97, 62 So. 36."

The trial court should have decreed the $25.28 in the hands of the administrator as exempt to the widow. Tit. 7, § 665, Code of 1940; Phillips v. First Nat. Bank, supra; Jackson v. Wilson, supra.

Personal property exemptions can be taken out of personalty only and cannot be derived from the sale of realty. Chamboredon v. Fayet, 176 Ala. 211, 57 So. 845. On this account, the personal property exemption in favor of the widow may not be increased to the $1,000 as claimed by appellant.

For the above stated reason, the cause must be reversed and remanded for further proceedings in the trial court.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.